Argued and submitted September 4, 1981, affirmed February 24, 1982

# FELLMAN,
*Appellant,*

*v.*

# DEPARTMENT OF REVENUE,
*Respondent.*

(TC 1450, SC 27575)

640 P2d 1388

Barbara Rose, Beaverton, argued the cause and filed the brief for appellant.

Ted E. Barbera, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief was Dave Frohnmayer, Attorney General, Salem.

Before Denecke, Chief Justice, and Tongue,* Lent, Linde, Peterson, Tanzer and Campbell, Justices.

DENECKE, C. J.

Peterson, J., filed a specially concurring opinion.

---

* Tongue, J., retired February 7, 1982.

## DENECKE, C. J.

The plaintiff taxpayers' attorney[1] filed a complaint in the Oregon Tax Court appealing from an order of the defendant Department after the 60 days prescribed as the time limit for filing by ORS 305.560 had expired. The Tax Court granted the Department's motion to dismiss on the ground that the appeal was barred by the time limitation in ORS 305.560.[2] The taxpayers appealed to this court and we affirm.

ORS 305.425(2) provides:

"If a statute provides for an appeal to or a review by the court of an order or determination of the Department of Revenue or of any other administrative agency, the proceeding shall be an original proceeding in the nature of a suit in equity to set aside such order or determination. The time within which the statute [305.560] provides that the proceeding shall be brought is a period of limitations and is not jurisdictional."

The taxpayers contend, and their contention was supported by affidavits filed in the Tax Court, that their failure to file on time was due to the neglect of their attorney. They argue that this entitled them to relief under ORS 18.160. That statute provides:

"The court may, in its discretion, and upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, decree, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect."

The taxpayers' attorney did not attempt to proceed under ORS 18.160. No motion to the Tax Court was ever made requesting that the order of dismissal be set aside.

---

[1] The attorney for the taxpayers is not the attorney who represented the taxpayers in the attempt to appeal to the Tax Court.

[2] ORS 305.560 provides, in part:

"(1) Except for an order, or portion thereof, denying the discretionary waiver of penalty or interest by the department, an appeal from an order of the department on an appeal taken pursuant to this chapter may be taken by filing an original and one certified copy of a complaint with the clerk of the Oregon Tax Court at its principal office at Salem, Oregon, within 60 days after a copy of the order or notice of the order has been served upon the appealing party by mail as provided in ORS 306.805 or within six months after notice of the order has been given to him under paragraph (b) of subsection (1) of ORS 306.805. * * *"

■ Even if a motion to set aside the order had been made, the motion should have been denied. The statute has no application to instances in which an order of dismissal was made because a complaint was filed after the statute of limitations had run.

The taxpayers also argued that a statute of limitations is not involved, but rather the equitable doctrine of laches. They further contend that pursuant to the equitable principles of laches they should be able to proceed although their complaint was not filed on time because the Department suffered no prejudice because of the late filing.

ORS 305.425 provides that the appeal to the Tax Court "shall be an original proceeding in the nature of a suit in equity to set aside such order or determination."[3]

■ ■ Assuming, without deciding, that the doctrine of laches is applicable, we conclude the trial court correctly dismissed plaintiffs' complaint. Laches will bar a plaintiff if there is no reasonable excuse for the late filing. *See Dahlhammer and Roelfs v. Schneider,* 197 Or 478, 498, 252 P2d 807 (1953). The affidavit of the taxpayers' original attorney states no reasonable excuse. The Tax Court was of the same conclusion. The attorney's negligence is imputed to his client. *Sekermestrovich v. SAIF,* 280 Or 723, 726, 573 P2d 275 (1977).

Affirmed.

**PETERSON, J.,** specially concurring.

I concur with the opinion of the court except as follows.

The opinion assumes without deciding that because ORS 305.425 provides that appeals to the Tax Court are "in the nature of a suit in equity," the laches doctrine might excuse a late filing under ORS 305.560(1). Laches has nothing to do with this case. The ambiguous provision of ORS 305.425(2) that "* * * the proceeding shall be an

---

[3] No issue was raised concerning Rule 2 of Oregon Rules of Civil Procedure providing: "There shall be one form of action known as a civil action. All procedural distinctions between actions at law and suits in equity are hereby abolished, except for those distinctions specifically provided for by these rules, by statute, or by the Constitution of this state."

original proceeding *in the nature of a suit in equity to set aside such order or determination * * *"* (emphasis added) is, at most, intended to make applicable to such proceedings substantive and procedural rules of equity. However the "in the nature of a suit in equity" language of ORS 305.425(2) should be construed, it was not intended to affect the 60-day limitations period of ORS 305.560(1).

ORS 18.160 has no application to this case because the order from which the taxpayers have appealed was not "* * * taken against [the plaintiffs] through [their or their attorney's] mistake, inadvertence, surprise or excusable neglect." The neglect of the taxpayers' attorney occurred *subsequent* to the taking of the order.

Tanzer, J., joins in this opinion.