MULTNOMAH COUNTY
*v.*
DEPARTMENT OF REVENUE
*and*
PARK VISTA CORPORATION,
*Intervenor*
(TC 3781)

Sandra N. Duffy, Assistant County Counsel, Multnomah County, Portland, represented plaintiff (county).

Marilyn J. Harbur, Assistant Attorney General, Department of Justice, Salem, represented defendant (department).

John R. Dudrey, Williams, Fredrickson & Stark, Portland, represented intervenor (taxpayer).

Decision for intervenor rendered December 12, 1995.

**CARL N. BYERS, Judge.**

This matter is before the court on Park Vista Corporation's (taxpayer) motion for summary judgment. Plaintiff

(county) has filed its response. The basic facts are undisputed.

Taxpayer appealed the 1992-93 assessed value of certain real property to the Department of Revenue (department). After a hearing, the department issued its Opinion and Order No. 93-3551(M), dated December 16, 1994, reducing the property's value on the tax roll and awarding taxpayer a refund of any excess taxes paid.

The county appealed from the department's order by filing a complaint in this court on January 30, 1995. The caption of the complaint shows as "defendants" the "Department of Revenue" and "Park Vista Corporation," with the latter in parentheses. Attached to the complaint is an Affidavit of Service whereby counsel for the county affirms that she served a copy of the complaint on both the department and the registered agent of taxpayer. The department filed its answer on March 1, 1995. Subsequently, taxpayer filed the subject motion for summary judgment on the ground that the county had not served it with a copy of the complaint within 60 days as required by ORS 305.560(3). That statute provides in pertinent part:

> "In any case in which the taxpayer is not the appealing party, a copy of the complaint shall be served upon the taxpayer by the appealing party by certified mail within the 60-day period * * * and an affidavit showing such service shall be filed with the clerk of the tax court. A copy of the order of the department shall be attached to the complaint. The taxpayer shall have the right to appear and be heard."

Initially, it appeared to the court that there may be a dispute of material fact. The county submitted an affidavit of a legal secretary which recites the usual procedures the secretary follows in appealing from department orders. The affidavit states that the secretary prepares the complaint and its envelopes for mailing and:

> "The original and one copy of the complaint, declaration, affidavit, and a self-addressed, stamped postcard are mailed to the Clerk of the Oregon Tax Court. The extra copy of the complaint is provided for the clerk to serve on the Department of Revenue. The clerk notes the case number on the printed postcard and returns it to this office for our files."

The secretary's affidavit states she is "certain" she prepared service copies because she recalls asking the county's counsel what should be attached to the complaint. The affidavit indicates she believes the copies were mailed to taxpayer, but she has no return receipts for certified mail. The affidavit does not state that she personally recalls mailing the copy to taxpayer.

The court notes that the recitation of the "usual procedure" in the Webber affidavit is not consistent with the affidavit that is attached to the complaint. The affidavit attached to the complaint certifies that the county mailed a copy of the complaint directly to the Department of Revenue. Her usual, and the correct procedure, is to mail the department's copy of the complaint to the clerk of the Oregon Tax Court. ORS 305.560. This may be some indication that the usual procedure was not followed in this case. In view of the affidavits, and particularly in view of the fact that the county has no return receipt for the certified mail, counsel for the county acknowledges there is no proof of service and waives an evidentiary hearing.[1] Therefore, no dispute of material fact exists.

■ The question raised by taxpayer's motion is whether service within the 60-day period is necessary to perfect the appeal. The court finds that it is. The use of the word "shall" in ORS 305.560(3) makes the requirement mandatory. The period for serving the taxpayer is the same 60-day period the appealing party has to appeal from the department's opinion and order. Accordingly, the legislature intended that both filing of the complaint with the Tax Court and service upon the nonappealing taxpayer must occur within 60 days.

■ ORS 305.425(2) states:

"The time within which the statute provides that the proceeding shall be brought is a period of limitations and is not jurisdictional."

Because it is a limitations period, the party for whose benefit the limitation is imposed may waive a plaintiff's failure to comply with the 60-day period. *See* TCR

---

[1] After the county became aware that taxpayer had not been served, it caused a copy of the complaint to be served in accordance with the statute, but that service occurred after the 60-day period.

21G(2) and *Fellman v. Dept. of Rev.*, 292 Or 569, 640 P2d 1388 (1982). In this case, the limitation is imposed for the benefit of taxpayer and taxpayer has not waived the requirement. To the contrary, taxpayer strenuously insists upon its enforcement.

The county makes two arguments. First, it claims taxpayer has actual notice and, therefore, no harm has been done. Statutes of limitations are matters of legislative policy. It is not in the province of this court to forego enforcing the statute if it concludes no harm has been done. "[P]rejudice or lack thereof [is not] a relevant factor when there has been failure to comply with a statute of limitations." *Olympia Brewing Company v. Dept. of Revenue*, 284 Or 669, 673 n 2, 588 P2d 30 (1978). The county also argues there is a lack of symmetry in the statutory scheme because taxpayers have a general advantage. They note that ORS 305.560 does not require a taxpayer, when appealing to the Tax Court, to serve a copy of the complaint on the county. Even if true, that is an argument to be made to the legislature, not to this court. The court finds that the county failed to comply with the requirements of ORS 305.560(3) and, therefore, taxpayer's motion must be granted. Now, therefore,

IT IS ORDERED that taxpayer's Motion for Summary Judgment is granted.