Argued and submitted March 4, judgment of the Tax Court affirmed April 17, 1997

**MULTNOMAH COUNTY,**
a home rule subdivision of the State of Oregon,
by and through its Tax Collector,
Janice Druian,
and its Tax Assessor,
Robert Ellis,
*Appellants,*

*v.*

**DEPARTMENT OF REVENUE,**
State of Oregon,
*Defendant,*

*and*

**PARK VISTA CORPORATION,**
*Respondent.*

(OTC 3781; SC S43407)

935 P2d 426

Sandra N. Duffy, Chief Assistant County Counsel, Portland, argued the cause and filed the briefs for appellants. With her on the briefs was Laurence Kressel, County Counsel for Multnomah County.

John Dudrey, of Williams, Fredrickson & Stark, P.C., Portland, argued the cause and filed the brief for respondent. With him on the brief was Donald R. Stark.

Before Carson, Chief Justice, and Gillette, Van Hoomissen, Fadeley, Graber, and Durham, Justices.*

GILLETTE, J.

---

* Kulongoski, J., did not participate in the consideration or decision of this case.

## GILLETTE, J.

This is an appeal from a judgment of the Oregon Tax Court. In the case before the Tax Court, Multnomah County (the County) attempted to appeal a decision of the Department of Revenue (the Department) relating to the valuation of property belonging to taxpayer Park Vista Corporation (taxpayer). However, the County failed to serve taxpayer with a copy of its complaint in the Tax Court within the 60-day period prescribed by ORS 305.560(3).[1] The Tax Court construed that time limitation to be a statute of limitations and dismissed the appeal. We are called on to decide whether the Tax Court properly dismissed the County's appeal. We hold that it did.

This case began when taxpayer appealed the County's assessment of the value of taxpayer's residential cooperative for the 1992-93 tax year to the Department. After a hearing, the Department issued an order reducing the value of the property on the tax roll and directing a tax refund. The County then attempted to appeal the Department's order by filing a complaint in the Tax Court in January 1995. The County purported to serve taxpayer and the Department by mailing them copies of the complaint contemporaneously with the filing. Taxpayer did not receive a copy of the complaint.[2]

The Department filed its answer to the County's complaint in March 1995. Taxpayer filed a motion to dismiss in April 1995, arguing that the County had failed to serve the complaint on taxpayer by certified mail within 60 days of the Department's service on the County of its final order, as required by ORS 305.560(3). ORS 305.560 provides, in part:

"(1) Except for an order, or portion thereof, denying the discretionary waiver of penalty or interest by the department, an appeal from an order of the department on

---

[1] The text of ORS 305.560(3) is set out below, 325 Or at 233.

[2] There is no satisfactory explanation in the record why taxpayer was not served, but the County concedes that it was not. Taxpayer did not learn that the County had filed the complaint until March 13, 1995, 63 days after the Department issued its final order, when its lawyers telephoned the clerk of the Tax Court and were informed of the filing of the complaint.

an appeal taken pursuant to this chapter may be taken by filing an original and one certified copy of a complaint with the clerk of the Oregon Tax Court at its principal office in Salem, Oregon, within 60 days after a copy of the order or notice of the order has been served upon the appealing party by mail as provided in ORS 306.805, within six months after notice of the order has been given to the appealing party under ORS 306.805(1)(b) or within 45 days after a copy of the order or notice of the order relating to an assessment under ORS 308.505 to 308.665 has been served on the appealing party by mail as provided in ORS 306.805. * * * Service upon the department shall be accomplished by the clerk of the tax court filing the certified copy of the complaint with the Director of the Department of Revenue. The complaint shall be entitled in the name of the person filing the same as plaintiff and the Department of Revenue as defendant. A copy of the order of the department shall be attached to the original complaint.

"* * * * *

"(3) In any case in which the taxpayer is not the appealing party, a copy of the complaint shall be served upon the taxpayer by the appealing party by certified mail within the 60-day period or within six months after notice of the order has been published under ORS 306.805(1)(b), and an affidavit showing such service shall be filed with the clerk of the tax court. A copy of the order of the department shall be attached to the complaint. The taxpayer shall have the right to appear and be heard."

The Tax Court concluded that there was no issue of material fact and that the County had not complied with ORS 305.560(3). The Tax Court reasoned that the use of the word "shall" in that subsection makes its requirement of service on taxpayer mandatory and that the 60-day period referred to in the subsection is the same 60-day period in which the appealing party must appeal from the Department's opinion and order. The Tax Court further concluded that service on taxpayer within the 60-day period after the Department's service of its final order was required for the County to perfect its appeal. Accordingly, the court dismissed the appeal. The present proceeding followed.

The County argues two propositions to this court. First, it asserts that the 60-day period for serving taxpayers

in ORS 305.560(3) is not a requirement for successfully perfecting an appeal in the Tax Court, because that requirement is neither a jurisdictional prerequisite nor a statute of limitations. Second, it argues that, if its first point is well taken, the Tax Court erred in dismissing its appeal without first determining whether taxpayer had been prejudiced by not receiving timely notice of the County's appeal. As we shall explain, we do not reach the second issue, because the County's argument concerning the first issue is not well taken.

There is no real issue in this case concerning whether the 60-day period for serving taxpayer under ORS 305.560(3) is a jurisdictional statute. It does not purport to be. However, the Tax Court did hold that the period is a statute of limitations under ORS 305.425(2). That statute provides:

> "If a statute provides for an appeal to or a review by the court of an order or determination of the Department of Revenue or of any other administrative agency, the proceeding shall be an original proceeding in the nature of a suit in equity to set aside such order or determination. *The time within which the statute provides that the proceedings shall be brought is a period of limitations and is not jurisdictional.*"

(Emphasis added.) The distinction between a jurisdictional statute and a statute of limitations could be important in some cases—jurisdiction cannot be waived, but a statute of limitations can be. The distinction does not matter in this case, however, because the County does not assert that taxpayer has waived any statute of limitations. We therefore focus on whether the period provided in ORS 305.560(3) is a statute of limitations.

■     The County argues that the Tax Court erred in holding that the 60-day service period in ORS 305.560(3) is a limitations period. The County's theory is this: ORS 305.425(2), which provides for a statute of limitations in Tax Court cases, does not itself set out any specific time period. Instead, it refers to another statute for the relevant time period and provides simply that the time limit in which a "proceeding may be brought" is a period of limitations. The "proceeding" at

issue here, the County asserts, is the appeal of the Department's order. And the statute setting out the time frame for "bringing" *that* "proceeding," the County asserts, is ORS 305.560(*1*), which provides that an appeal may be "taken" by filing an original and one certified copy of the complaint with the clerk of the Oregon Tax Court within 60 days of the Department's service of its final order.

It is true, the County acknowledges, that ORS 305.560(3) also provides a time limit for serving the complaint, but that limit speaks only to service on taxpayer. There is nothing in the wording of either subsection of ORS 305.560 to suggest that service on taxpayer is necessary to "bring" the proceeding. Thus, the County concludes, the text and context of ORS 305.425(2) and 305.560(1), when read together, make it clear that the only statute of limitations in ORS 305.560 is the requirement of the filing of a complaint by the appealing party within 60 days of the service on it of the Department's final order.

■    As with any other exercise in statutory construction, this court seeks in this case to identify and give effect to the legislative intent behind ORS 305.425(2) and 305.560. In doing so, this court first examines the text and context of those statutes. If that examination makes the legislative intent clear, we proceed no further. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-11, 859 P2d 1143 (1993). We turn now to that analysis of ORS 305.425(2) and ORS 305.560.

The County appears to acknowledge—and we agree—that there is nothing ambiguous about the cross-reference in ORS 305.425(2) to *some part* of ORS 305.560. That latter statute is, in the words of the former statute, a statute that "provides for an appeal to * * * the [Tax C]ourt of an order * * * of the Department of Revenue" of the kind involved here. Rather, the County takes the view that the *scope* of that cross-reference is limited to subsection (*1*) of ORS 305.560 and is not a cross-reference to subsection (*3*) as well.

We are not persuaded. The wording of the two subsections is strikingly parallel, not only in their repetition of the 60-day and six-month service periods, but also in their

references to service on the clerk of the Tax Court and their requirements that a copy of the Department order be attached to the complaint. And, perhaps most importantly, each subsection provides that service of the complaint "shall" be made on the party with which each subsection is most directly concerned—the Department in subsection (1); the taxpayer in subsection (3). The two subsections thus collectively appear to represent a single concept of appeal from a particular kind of order of the Department.

■　　　The foregoing textual reading tracks logically. An appeal to the Tax Court will, in the usual course of things, be an appeal by a taxpayer. In such circumstances, subsection (1) governs. But, in cases in which the appealing party is someone other than the taxpayer, an appeal perfected solely in subsection (1) terms would be inadequate to meet the requirements of due process of law. That subsection makes no provision for notice to the taxpayer—the one who, in the end, will have to pay the tax that is the subject of the case. As this court has observed, "[t]he heart of procedural due process is (1) notice * * * and (2) an opportunity to be heard." *OSEA v. Rainier School Dist. No. 13*, 311 Or 188, 195, 808 P2d 83 (1991). In such cases, an appeal is meaningless until the appealing party follows the procedures in subsection (3) and affords the taxpayer the opportunity to participate. The two subsections must be read together. And, if they must be read together, then it follows, in our view, that the cross-reference in ORS 305.425(2) designates *both* subsections as statutes of limitations, *i.e.*, "service" under both is a part of "bringing" the appeal in the Tax Court.

The County argues that the legislature easily could have combined the two ideas now found in the separate subsections into one subsection, had it really intended that the time for service on the taxpayer be a statute of limitations in the same way that the time for service on the Department is. We agree with the County that the legislature *might* have accomplished the same thing in another way, but we do not see how that fact defeats the reading that we give the two subsections.

The County also argues that an examination of other related statutes lends support to its position. For example,

ORS 305.418, which describes when a complaint is deemed "filed" with the Tax Court, provides that a complaint is filed when mailed and, if the complaint is lost in the mail, provides a method by which the appeal nevertheless may be "saved," if the appellant can prove that the complaint was deposited in the mail with the correct address. The County asserts that ORS 305.418 demonstrates the intent of the legislature to give an appellant his day in court and, "in the 'hierarchy' of procedural requirements, it is clearly most important to file a complaint in Tax Court to 'bring a proceeding.'" The County further argues that the fact that there is no similar "saving" provision with regard to service on taxpayer likely indicates that the legislature never contemplated that such a defect would preclude the Tax Court from considering an appellant's case.

Again, we are not persuaded. "File" is not the same as "bring." We cannot find in the wording of ORS 305.560 the conscious legislative discrimination between subsections (1) and (3) for which the County argues.

Additionally, the County argues that ORS 305.560-(5) provides relevant context for the interpretation of ORS 305.560 (1) and (3) and ORS 305.425(2). ORS 305.560(5) provides that, if the Department fails to notify a party of a decision on the party's appeal within nine months, the party may treat the appeal as denied and "bring suit in the tax court by filing an original and one certified copy of a complaint against the department in the court. *Such filing in the tax court shall constitute the perfection of the appeal.*" (Emphasis added.) The County argues that a taxpayer may have the same interest at stake in an appeal in the default situation described in subsection (5), yet does not appear to be afforded the same right to compulsory service. The County asserts that there is no rational basis for requiring it to serve taxpayer in order to perfect an appeal from a final Department order, but not to impose a similar requirement in a default situation. From that premise, the County concludes that failure to serve taxpayer in the present situation does not preclude perfection of the appeal.

We do not see an anomaly in what the County describes. Subsection (5) deals with a set of circumstances

entirely different from those that are covered jointly by subsections (1) and (3). We need not attempt to determine why the legislature treats different circumstances differently in order to support our holding that the legislature intended to treat parallel circumstances in a parallel way. We conclude that the legislature's intent in enacting ORS 305.560(1) and (3) is clear, based on a reading of text and context alone. We therefore proceed no further. *PGE*, 317 Or at 611. Subsections (1) and (3) of ORS 305.560 operate on parallel circumstances and, when read together, they constitute a statute of limitations.

The County recognizes that, if ORS 305.560(3) is read as a statute of limitations, the County cannot prevail. It follows that the judgment of the Tax Court dismissing the County's appeal was correct.

The judgment of the Tax Court is affirmed.