Argued and submitted October 12, order of Oregon Tax Court affirmed
October 28, 1999

Theodore A. TOSTERUD,
*Appellant,*

*v.*

Robert L. ELLIS,
MultnomahCounty Assessor,
or his successor in office,
*Respondent,*

*and*

PORTLAND ADVENTIST MEDICAL CENTER
and Department of Revenue,
*Intervenors/Respondents.*

(OTC 4297; SC S45937)

988 P2d 377

Michael J. Morris, of Bennett, Hartman & Reynolds, Portland, argued the cause and filed the briefs for appellant.

John Thomas, Assistant Multnomah County Counsel, Portland, argued the cause for respondent. With him on the brief was Thomas Sponsler, Multnomah County Counsel.

William Dickas, of Kell, Alterman & Runstein, L.L.P., Portland, argued the cause and filed the brief for intervenor/ respondent Portland Adventist Medical Center.

Rochelle Nedeau, Assistant Attorney General, Salem, argued the cause for intervenor/respondent Department of Revenue, State of Oregon. With her on the brief was Hardy Myers, Attorney General.

G. Kenneth Shiroishi, of Dunn Carney Allen Higgins & Tongue, Portland, filed a joint brief for *amicus curiae* Kaiser Foundation Hospitals. With him on the joint brief were James N. Westwood and Joyce M. Bernheim, of Miller, Nash, Wiener, Hager & Carlsen, Portland, for *amicus curiae* Providence Portland Medical Center.

Before Carson, Chief Justice, and Gillette, Van Hoomissen, Kulongoski, Leeson, and Riggs, Justices.**

PER CURIAM

** Durham, J., did not participate in the consideration or decision of this case.

## PER CURIAM

Plaintiff appeals from an order of the Oregon Tax Court that dismissed his appeal of an order of defendant Ellis, the Assessor of Multnomah County. Intervenor Portland Adventist Medical Center, whose charitable property tax exemptions lie at the heart of the dispute between the parties, filed the motion to dismiss, along with defendant Ellis and intervenor the Department of Revenue. The Tax Court granted the dismissal under ORS 305.560(3), which provides, in part:

"In any case in which the taxpayer is not the appealing party, a copy of the complaint shall be served upon the taxpayer by the appealing party by certified mail within the period for filing an appeal * * *."

The parties agree that plaintiff did not serve the contemplated notice on intervenor Portland Adventist Medical Center—the party which, if plaintiff's arguments on the merits were successful, would have to pay increased property taxes—within the 90-day period for appeal provided by ORS 305.280(1) ("[A]n appeal [from an order of a county assessor] shall be filed within 90 days after the [order.]").

Plaintiff argues on various grounds that he is not subject to the service requirement of ORS 305.560(3) or, if he is, that his failure to make timely service did not justify dismissal of his appeal. We address the latter issue briefly. Plaintiff acknowledges that this court previously has held that the failure to make the service required by ORS 305.360(3) requires dismissal of the appeal. *See Multnomah County v. Dept. of Rev.*, 325 Or 230, 236, 935 P2d 426 (1997) (so holding). He argues, however, that a recent amendment to that statute establishes that the legislature no longer intends for the failure to make timely service to carry the same consequence that we identified in *Multnomah County*. A full explanation of the issue under the statutory analysis paradigm set out by this court in *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993), would not benefit the parties, bench, or bar. The change of wording on which plaintiff relies plainly speaks to other considerations, not to the one that he identifies.

We have considered all of plaintiff's other arguments and conclude that they are not well taken. Again, fuller explication of our reasoning in this fact-bound case would not benefit the parties, bench, or bar.

The order of the Oregon Tax Court is affirmed.