DECISION
This matter is before the court on Defendant's Motion to Dismiss. For the reasons set forth below, Defendant's motion is granted.
 I. STATEMENT OF FACTS
Plaintiff Lane County Assessor appealed from an order of the Lane County Board of Property Tax Appeals (Board) that significantly reduced the value of Defendant taxpayer's property for the 2009-10 tax year. For ease of reference, the parties will be referred to as the assessor and taxpayer.
The Board mailed its order on April 8, 2010, and the assessor appealed that order to this court that same day (based on the postmark). The court filed the Complaint on April 9, 2010. The assessor mailed a copy of the Complaint to taxpayer's representative David E. Carmichael by regular mail on April 8, 2010.
Taxpayer filed a Motion to Dismiss (motion) because the assessor failed to serve taxpayer with the Complaint by certified mail, as provided in ORS 305.560(3).[1] The motion is dated May 11, 2010, and was served by taxpayer on the assessor that same day. The court received and filed the motion on May 12, 2010. *Page 2 
 II. ANALYSIS
ORS 305.560(3) provides in relevant part:
 "In any case in which the taxpayer is not the appealing party, a copy of the complaint shall be served upon the taxpayer by the appealing party by certified mail within the period for filing an appeal * * *." (Emphasis added.)
The assessor concedes that it did not serve taxpayer by certified mail. Moreover, the assessor indicated in a letter to the court filed June 3, 2010, that it was not the assessor's intention to challenge the motion based upon any legal position. However, the assessor's representative Bryce Krehbiel did note in that letter, by way of mitigation, that "the complaint was filed timely with certificate of service indicating the date of mailing and that the parties involved in the complaint have not been inconvenienced by the failure of the County to certify the mailing." (Ptf's ltr at 1, June 3, 2010.)
This case presents an interesting question. Does actual and timely notice by receipt of the Complaint satisfy the service requirements, notwithstanding the statutory mandate of service by certified mail, where the appealing party is someone other than a taxpayer'
The statute clearly requires service by certified mail. The statute provides that "a copy of the complaint shall be served * * * by certified mail." ORS 305.560(3) (emphasis added). In contrast, when a taxpayer is the appealing party, "service shall be accomplished as provided in the rules of practice and procedure promulgated by the tax court." ORS 305.560(1)(b). By statute, most appeals to the Tax Court are first heard by the Magistrate Division.See generally ORS 305.501(1). The Magistrate Division of the Tax Court has a rule governing service. Tax Court Rule-Magistrate Division (TCR-MD) 1 C provides in part that "[w]here the taxpayer is the appealing party, the taxpayer does not need to mail a copy of the complaint to the defendant. In *Page 3 
those cases, the court shall serve copies of the complaint upon the defendant." The rule does not require service by certified mail and the court serves the defendant by regular mail.
However, this case concerns an appeal by the assessor and therefore subsection (3) of ORS 305.560 controls. That statute, as indicated above, provides that service "shall" be by certified mail. This court has on numerous occasions ruled that use of the word "shall" makes the requirement mandatory. See, e.g.,Kardash v. Deschutes County Assessor, TC-MD No 040361F, WL 2641358 at *3 (Nov 10, 2004) (citation omitted) (concluding that the assessor's omitted property assessment was invalid because notice was not provided as required by statute).
In Preble v. Dept. of Rev., 331 Or 320, 14 P3d 613 (2000), the department adjusted the taxpayers' timely filed returns and issued notices of deficiency that lacked the certification required by ORS 305.265(2)(c), which provides that the notice "[b]e certified by the department that the adjustments are made in good faith and not for the purpose of extending the period of assessment." The Tax Court in Preble found that use of the word "shall" in the statutory certification requirement was merely directory as opposed to mandatory because in some instances the legislature used the word "shall" when discretion or alternative choices were described and that, in context, the form certification was "not of the same character or importance as other information" required by the notice, such as the name and address of the taxpayer, and the reason and statutory authority for the adjustment. Preble v. Dept. ofRev., 14 OTR 276, 280 (1998). On appeal, the Supreme Court reversed the Tax Court, finding that "shall" expresses a clear legislative mandate. Preble, 331 Or at 324 (citations omitted). In declaring the notice invalid, the Supreme Court considered the text of the statute as a whole and the consequences of an inadequate notice on the statutory scheme for contesting a deficiency.Id. at 324-25. The court observed that the word "shall" was part of a single sentence and was *Page 4 
followed by three requirements; to construe "shall" as "should" would mean any of the three requirements, including that the notice include a reason for the adjustment, could be omitted without violating the statutory directive. Id. The court therefore concluded that the text and context of the statute "clearly reveal the legislature's intent to make certification a necessary condition for a valid notice of deficiency." Id. at 325. The court rejected the department's argument that the error was harmless, noting that "[t]he certification assures the taxpayer that the department is acting in good faith and not for the purpose of extending the assessment period." Id.
In the instant case, the word "shall" in the statute is also part of a single sentence with multiple requirements. The complaint must be: (1) served on the taxpayer; (2) by the appealing party; (3) by certified mail; (4) within the applicable appeal period. See ORS 305.560(3). Under the Supreme Court's ruling inPreble, to construe the word "shall" as "should" would mean any of the four requirements could be omitted without violating the statutory directive.
In Multnomah County v. Dept. of Rev.,325 Or 230, 935 P2d 426 (1997) (Park Vista)[2] the Oregon Supreme Court affirmed the Tax Court's judgment dismissing the county's appeal for failure to serve the taxpayer with a copy of the complaint within the 60-day period prescribed in ORS 305.560(3). In the Tax Court case, the taxpayer had appealed the assessor's value to the Department of Revenue (Department) and the Department had reduced the value. The assessor timely appealed, but failed to serve a copy of the complaint on the taxpayer. The county did timely serve the Department. The Tax Court ruled that "use of the word `shall' in *Page 5 
ORS 305.560(3) makes the requirement [of timely service on the taxpayer] mandatory." 13 OTR 422, 424. The Supreme Court affirmed that decision. In so holding, the Court stated:
 "An appeal to the Tax Court will, in the usual course of things, be an appeal by a taxpayer. In such circumstances, subsection (1) [of ORS 305.560] governs. But, in cases in which the appealing party is someone other than the taxpayer, an appeal perfected solely in subsection (1) terms would be inadequate to meet the requirements of due process of law. That subsection makes no provision for notice to the taxpayer — the one who, in the end, will have to pay the tax that is the subject of the case."
Park Vista, 325 Or at 236. The court went on to state that "[i]n such cases, an appeal is meaningless until the appealing party follows the procedures in subsection (3) and affords the taxpayer the opportunity to participate." Id.
In Park Vista, the county completely failed to serve the taxpayer, the party that would have bore the tax liability if the Department's decision lowering the value of the taxpayer's property was ultimately overturned. In the present case, taxpayer was served with a copy of the Complaint, and served in a timely manner. The question, then, is whether that distinction (lack of service on the taxpayer versus improper service) requires, or at least allows, a different outcome. After careful consideration, the court concludes it does not.
A case directly on point is Jackson County Assessor v.Murillo, TC-MD No 020220F, WL 151762 at *1 (Jan 17, 2003) (hereinafter Murillo). Murillo involved an appeal by the assessor from a ruling by the Board reducing the value of the taxpayer's property. In Murillo, as in the instant case, the assessor timely served the taxpayer, but service on the taxpayer was by first class mail as opposed to certified mail. The taxpayer inMurillo moved to dismiss for want of proper service, and the court granted the motion, noting that "Plaintiff met the 30-day deadline but did not serve Defendant by certified mail. The notice was sent by first class mail." Id. As in the other cases discussed above, the court in Murillo ruled that "use of the word `shall' in *Page 6 
ORS 305.560(3) makes mandatory the requirement that the notice be sent by certified mail." Id. The court concluded that it "cannot overlook the plain language of the statute." Id.
Additionally, in Fields v. Department of Revenue, TC-MD No 040696E at 6 (Jan 12, 2005) the court observed in a footnote that under ORS 305.560(3), "when a nontaxpayer is the appealing party, the court does not serve the defendant but, instead, the plaintiff is required to serve the taxpayer. Service must occur, however, by certified mail."
The court is mindful of the fact taxpayer in the instant case was not prejudiced by the improper service because the assessor appealed the Board's order the same day that order was mailed, and served a copy of the Complaint on taxpayer that same day. Taxpayer makes no claim that it did not receive a copy of the Complaint. In fact, taxpayer provided a copy of the envelope containing the assessor's complaint with its Motion to Dismiss. Additionally, Tax Court Rule (TCR) 12 B provides that "[t]he court shall, in every stage of an action, disregard any error, defect, or omission in the pleadings or proceedings which does not affect the substantial rights of the adverse party." That rule would seem to seem to cut against the Motion. However, in this division of the court, that rule only serves as a guide where the circumstances at issue are not covered by a Magistrate Division rule. See Preface to Magistrate Division Rules.
Here, the circumstances at issue are covered by a Magistrate Division rule. TCR-MD 1 C specifically governs service and provides in relevant part that "if the appealing party is not the taxpayer, the appealing party must serve by certified mail a copy of the complaint upon the taxpayer within the time for filing an appeal * * *." (Emphasis added.) That provision in the rule mirrors the statutory language in subsection (3) of ORS 305.560. Under these circumstances, the court finds no authority for overlooking or excusing the assessor's failure to serve a copy of the Complaint upon taxpayer by certified mail. *Page 7 
 III. CONCLUSION
After careful consideration, the court concludes that Defendant's Motion to Dismiss must be, and is hereby, granted because the assessor failed to serve taxpayer by certified mail as required by both statute and this court's rule. Now, therefore,
IT IS THE DECISION OF THIS COURT that Defendant's Motion to Dismiss is granted and Plaintiffs Complaint is dismissed.
Dated this ___ day of February 2011.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the dateof the Decision or this Decision becomes final and cannot bechanged.
 This document was signed by Magistrate Dan Robinsonon February 16, 2011. The Court filed and entered this documenton February 16, 2011.
[1] All references to the Oregon Revised Statutes (ORS) are to 2009.
[2] Although the running header in the official state reporter cites the case as Multnomah County v. Dept. of Rev., the taxpayer Park Vista Corporation was a party both in the Tax Court and the Supreme Court appeals, and the full title includes all three parties. That case might be cited as Multnomah County v.Department of Revenue and Park Vista Corp., were it not for the conventions of the Publications Section of the Oregon Judicial Department. In any event, the court will refer to that case as "Park Vista."