DECISION OF DISMISSAL
This matter is before the Court on Defendant's Motion to Dismiss (Motion), filed April 19, 2011, requesting that the Complaint be dismissed for improper service. Plaintiff filed a Response to Defendants' Motion (Response) on April 27, 2011, and the court heard the parties' oral argument June 6, 2011. David W. Sohm, registered appraiser employed by the Lane County Assessor, appeared on behalf of Plaintiff. David E. Carmichael, attorney at law, appeared on behalf of Defendant. For ease of reference, the parties will be referred to as the Assessor and the Taxpayer.
The underlying appeal involves a request by the Assessor for an increase in the real market value and assessed value of certain property owned by the Taxpayer, following the Taxpayer's successful petition to the Lane County Board of Property Tax Appeals (BOPTA). The property is identified in Assessor's records as Accounts 1661014 and 1661006. The tax year at issue is 2010-11. Taxpayer was represented at BOPTA by John Brown (Brown), a licensed real estate broker and state certified appraiser.
The parties agree that the Assessor filed its Complaint with this court this court on March 11, 2011. The Assessor served a copy of its Complaint by certified mail on Brown, the individual who represented the Taxpayer at BOPTA. The Assessor did not serve its Complaint *Page 2 
on the Taxpayer directly by certified mail. Taxpayer "urges the court to enter judgment dismissing Plaintiff's Complaint with prejudice for failure to serve the taxpayer with a copy of its Complaint by certified mail within the time for filing an appeal and award Defendant its costs incurred herein." (Defs' Mot at 3-4.)
Where, as in this case, the appealing party is other than the taxpayer, the applicable statute requires that the appealing party serve the complaint on the taxpayer. ORS 305.560(3)[1] provides:
 "In any case in which the taxpayer is not the appealing party, a copy of the complaint shall be served upon the taxpayer by the appealing party by certified mail within the period for filing an appeal * * *."
(Emphasis added.)
The court's rule echoes the statute. It provides, in relevant part:
 "However, if the appealing party is not the taxpayer, the appealing party must serve by certified mail a copy of the complaint upon the taxpayer within the period for filing an appeal and file an affidavit with the court attesting to the service within a reasonable time."
TCR-MD 1 C (emphasis added).[2]
Thus, both the statute and court rule require the assessor to serve a copy of the complaint upon the taxpayer. There is nothing in either of those provisions that provides or allows for service upon a presumed representative.
"In interpreting a statute, the court's task is to discern the intent of the legislature." PGE v. Bureau of Labor and Industries(PGE), 317 Or 606, 610, 859 P2d 1143 (1993) (citations omitted);see also ORS 174.020. The legislative intent is to be determined first from the text and context of the statute.PGE, 317 Or at 611; State v. Gaines,346 Or 160, 171, 206 P3d 1042 (2009). *Page 3 
"In trying to ascertain the meaning of a statutory provision, * * * the court considers rules of construction of the statutory text that bear directly on how to read the text. Some of those rules are mandated by statute, including * * * the statutory enjoinder `not to insert what has been omitted, or to omit what has been inserted.'" PGE, 317 Or at 611, citing ORS 174.010. Additionally, "words of common usage typically should be given their plain, natural, and ordinary meaning."Id. at 611 (cititions omitted). "`Shall' is a command: `it is used in laws, regulations, or directives to express what is mandatory.'" Preble v. Dept. of Rev. (Preble),331 Or 320, 324, 14 P3d 613 (2000) (citations omitted.)
ORS 305.560(3) provides in pertinent part that "a copy of the complaint shall be served upon the taxpayer by the appealing party by certified mail within the period for filing an appeal[.]" (Emphasis added.) The Assessor in this case did not serve a copy of its Complaint "upon the taxpayer * * * within the period for filing an appeal." The Assessor, therefore, failed to meet the statutory requirements.
The Assessor argues that the person served was the Taxpayer's authorized representative at BOPTA. (Ptf's Resp at 1.) There is no dispute that the person the Assessor served was Taxpayer's authorized representative for all matters related to the Lane County BOPTA. (Id., Ex A.) The Assessor argues that the authority vested in the person served to represent taxpayers at BOPTA carries over to court proceedings. (Id. at 1.) The court disagrees. There is no provision in the applicable statutes or court rules to support the Assessor's proposition. The statutes and rules governing petitions to BOPTA have no bearing on appeals of BOPTA orders to the Tax Court.
The Assessor argues further that Brown never withdrew from representation of the Taxpayer and, at the very least, he "had a duty to either inform the plaintiff that he was no longer *Page 4 
the representative of the taxpayer or forward the complaint to the taxpayer in a timely manner." (Ptf's Resp at 1, 2.) The first prong of that argument has no support in the law, and the second is largely irrelevant. Plaintiff cites no statutory authority imposing such a duty on the person Plaintiff served. Plaintiff's conclusion that a "forward[ed] complaint" would have met the statutory requirements is not supported by the statutory language. In interpreting a statute, the court is "not to insert what has been omitted, or to omit what has been inserted." ORS 174.010. The statute imposes the obligation of service upon the "appealing party" and no other party or person. ORS 305.560(3). Moreover, the statute and Tax Court rule require the Assessor, when that office chooses to appeal, to serve a copy of the complaint by certified mail upon the taxpayer. The Assessor did not do so and Taxpayer's Motion is well-founded.
Without going into unnecessary detail, the court simply notes that there are numerous cases on point supporting Taxpayer's Motion. Many of those cases are set out in Lane County Assessor v.Robert S. Haskett Living Trust, TC-MD No 100438C (Feb 16, 2011) (Decision dismissing an assessor's appeal for failure to serve the taxpayer by certified mail, citing both the statute and court rule set forth in the instant case, as well as Preble;Multnomah County v. Dept. of Rev.,325 Or 230, 935 P2d 426 (1997); Jackson County Assessor v.Murillo, TC-MD No 020220F, WL 151762 (Jan 17, 2003),Fields v. Department of Revenue, TC-MD No 040696E (Jan 12, 2005)). Recently, the court issued a Decision in a case very similar to the case at hand, dismissing Plaintiff's appeal for failure to serve the taxpayer. Lane County Assessor v. McCabeTrust, TC-MD 110176D (June 15, 2011).
In this case, contrary to the statutory requirement, Plaintiff served an individual other than the taxpayer with its Complaint. Plaintiff failed to serve the taxpayer as required by law and court rule. ORS 305.560(3); TCR-MD 1 C. Now, therefore, *Page 5 
IT IS THE DECISION OF THIS COURT that Defendant's Motion to Dismiss is granted and this matter is hereby dismissed.
Dated this ___ day of June 2011.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the dateof the Decision or this Decision becomes final and cannot bechanged.
 This document was signed by Magistrate Dan Robinsonon June 23, 2011. The Court filed and entered this documenton June 23, 2011.
[1] References to the Oregon Revised Statutes (ORS) are to the year 2009.
[2] References to Tax Court Rules-Magistrate Division (TCR-MD) are to those in effect in 2011, the year the appeal was filed and this matter is being reviewed. *Page 1