Wilbur D. CULLISON,
*Plaintiff,*

*v.*

DEPARTMENT OF REVENUE,
*Defendant,*
*and*

DOUGLAS COUNTY ASSESSOR,
*Intervenor-Defendant.*

(TC 4646)

Wilbur D. Cullison, Plaintiff (taxpayer) filed a response *pro se.*

Douglas M. Adair, Assistant Attorney General, Department of Justice, Salem, filed an opposition to Plaintiff's motion for Defendant (the department), but did not argue the cause.

Paul E. Meyer, Douglas County Counsel, Roseburg, filed a motion for summary judgment for Intervenor-Defendant (the county).

Decision for Defendant and Intervenor-Defendant rendered January 29, 2004.

**HENRY C. BREITHAUPT, Judge.**

## I. INTRODUCTION

Plaintiff (taxpayer) filed a Complaint in this court that appeared to name the Douglas County Assessor (the county) and the Department of Revenue as Defendants. The county answered but also moved to intervene and that motion was granted. The county filed a motion for summary judgment raising the issue of the statute of limitations and other defenses.

## II. FACTS

From the uncontroverted pleadings and related exhibits, it appears that for the 2002-03 tax year, taxpayer submitted information to the county to support a claim that his real property be assessed as a farm pursuant to the farmland special assessment rules formed in ORS chapter 308A.[1] That information was, in the opinion of the assessor, inadequate to support qualification of the land as a farm. A notice of disqualification of his property for special farm use assessment was sent to taxpayer July 5, 2002. That notice contained a statement informing taxpayer that if he decided to appeal the decision of disqualification, he must file a complaint with the Magistrate Division of this court within 90 days.

Notwithstanding the notification of appeal rights, taxpayer appealed to the county board of property tax appeals (BOPTA), which asserted it had no jurisdiction. Taxpayer did not file with the Magistrate Division until April 16, 2003, more than six months after the time limit for an appeal from the notice of disqualification.

## III. ISSUE

Must taxpayer's Complaint be dismissed as time barred?

---

[1] All references to the Oregon Revised Statutes (ORS) are to 2001.

## IV. ANALYSIS

█    The legislature created this court to provide remedies to aggrieved taxpayers when the law allows a remedy. However, as with all other courts in Oregon, application to the court for relief must be made within the time allowed and specified by the legislature.

█ █    In the case of qualification for special farm use assessment, the legislature further provided that appeal from decisions of disqualification must be made to this court and not to the county BOPTA. ORS 308A.718(4). The jurisdiction of a BOPTA is limited to valuation matters and does not extend to special assessment disqualification. ORS 309.026(2).

The legislature provided for certain limited relief when required acts are done late or filings are made in the wrong place. Under ORS 307.475, if an application for exemption, rather than special assessment, is made late, it can be accepted in certain hardship situations if it is filed by December 15 in the year in which it was due. ORS 307.475 does not apply here.

Under ORS 305.288, when a taxpayer is required to appeal valuation findings to a BOPTA, failure to do so can be excused in certain cases and taxpayers may file first in this court. That statute does not, however, extend time for filings in this court where a party has mistakenly filed first to a BOPTA.

The court is not aware of any legislatively approved relief for this late filing with the court. The court is not authorized to create an exception to the statutory filing requirements when, as here, the adverse party insists on their application. Counties that impose taxes are bound by the same rules as to compliance with time requirements. *Multnomah County v. Dept. of Rev.*, 13 OTR 422 (1995), *aff'd*, 325 Or 230, 935 P2d 426 (1997).

The court does note that if, as taxpayer asserts, his land does qualify for special assessment, there are requalification and abatement procedures in the statutes that may apply. ORS 308A.089; ORS 308A.119.

## V.  CONCLUSION

For the foregoing reasons, the county's motion for summary judgment is granted, and taxpayer's Complaint is dismissed. Now, therefore,

IT IS ORDERED that the Motion of Douglas County Assessor for Summary Judgment is granted, and

IT IS FURTHER ORDERED that Plaintiff's Complaint is dismissed. Costs to neither party.