I. INTRODUCTION
This case comes before the court on a motion to dismiss filed by Defendant Department of Revenue (the department).
 II. FACTS
Plaintiff (taxpayer) filed a complaint in the Magistrate Division of this court. The magistrate dismissed taxpayer's complaint on the basis that it was filed after the statutory deadline. Taxpayer appealed to this division. The department moved to dismiss under Tax Court Rule (TCR) 21 A(9) (statute of limitations), arguing that taxpayer had failed to file a timely complaint with the Magistrate Division. The department does not argue that taxpayer failed to file a timely complaint in this division; indeed, taxpayer's complaint in this division was timely filed.
 III. ISSUE
Should taxpayer's complaint be dismissed as untimely filed?
 IV. ANALYSIS
It is axiomatic that complaints must be filed within statutory deadlines. See, e.g., Cullison v. Dept. of Rev., 17 OTR 315,317 (2004) ("The legislature created this court to provide remedies to aggrieved taxpayers when the law allows a remedy. However, as with all other courts in Oregon, application to the court for relief must be made within the time allowed and specified by the legislature."). If a party's appeal to the Magistrate Division is untimely, the court will not consider the party's subsequent appeal to this division. Id. Here, the magistrate found that taxpayer's complaint was untimely. The question presented in this case is whether the court can therefore dismiss taxpayer's complaint in this division under TCR 21 A(9). Cf. id. at 317-18 (granting the county's motion for summary judgment where the taxpayer's complaint in the Magistrate Division was untimely).
1, 2. At the outset, the court notes that the department submitted various exhibits along with its motion to dismiss. *Page 49 
That is not allowed under TCR 21 A(9). Hoyt Street PropertiesLLC v. Dept. of Rev., 18 OTR 313, 314 n 1 (2005). Under TCR 21 A(9), the court is limited in its review to the pleadings. Cf.Press v. Todd Investment Co., 98 Or App 93, 96, 778 P2d 506
(1989) (so holding for ORCP 21 A(9)). In some circumstances, it is possible that the parties will treat a motion to dismiss as a motion for summary judgment, such that the court may consider matters outside the pleadings. See L.H. Morris Electric v.Hyundai Semiconductor, 203 Or App 54, 61-63, 125 P3d 1 (2005) (describing such a situation). However, if the parties do so they must comply with TCR 47, including the authentication requirements of that rule. Hoyt Street Properties,18 OTR at 314 n 1 (describing such a situation but noting its problematic nature). Here, the exhibits submitted by the department do not meet the requirements of TCR 47. Accordingly, the court cannot treat the department's motion to dismiss as a motion for summary judgment.[1]
3. Viewing the pleadings alone, as the court must, the court concludes that it lacks the information necessary to determine whether or not taxpayer filed a timely appeal in the Magistrate Division. The pleadings do not establish either when the clock began to run for taxpayer to file his complaint in the Magistrate Division, or when he filed his complaint there. Without that information, it is impossible to determine whether or not taxpayer filed a timely appeal. The court notes that the decision of the magistrate contains information, which, if true, would lead to the conclusion that taxpayer did not file a timely appeal there. Yet this division cannot rely on factual statements contained in the magistrate's decision as proof of their truth.See ORS 305.425(1) ("All proceedings before the judge of the tax court shall be original, independent proceedings and shall be tried without a jury *Page 50 
and de novo."). That leaves the court without any basis to grant the department's motion. It must be denied.
 V. CONCLUSION
The court concludes that there is no basis in the pleadings for the conclusion that taxpayer's appeal to the Magistrate Division was untimely. Now, therefore,
IT IS ORDERED that Defendant Department of Revenue's Motion to Dismiss is denied.
[1] The court takes no position in this case on whether, had the department authenticated its exhibits as required by TCR 47, that would suffice to transform its motion to dismiss to one for summary judgment. In L.H. Morris, for example, both parties submitted authenticated exhibits, and neither party objected to the trial court's consideration of the other party's exhibits.203 Or App at 63. Moreover, L.H. Morris involved the question of how the Court of Appeals should treat the motion, given the facts just stated and the fact that the trial court considered the exhibits in making its ruling. Id. Ultimately, as this court stated in Hoyt Street Properties, it is critical that all parties comply with the court rules, because failure to do so is not only problematic for the court, but it may result in adverse unintended consequences for the parties. 18 OTR at 314 n 1. *Page 51