I. INTRODUCTION
This case comes before the court on a motion for summary judgment filed by Defendant Department of Revenue (the department). The court denied the department's earlier motion to dismiss. White I v. Dept. of Rev., 19 OTR 47 (2006).
 II. FACTS
As before, the issue involved in this case is the timeliness of taxpayer's complaint in the Magistrate Division of this court. Unlike before, however, with this motion the department has submitted evidence authenticated in the manner required by Tax Court Rule (TCR) 47. That evidence, uncontradicted by any evidence submitted by taxpayer or anything contained in taxpayer's complaint and admitted by the department, shows the following. On April 21, 2005, Defendant Morrow County Assessor (the county) mailed a Notice of Disqualification from Special Assessment in an EFU Zone to taxpayer. That notice included the following language: "You have the right to appeal this disqualification to the Oregon Tax Court in the Magistrate Division within 90 days of receipt of this notice, in accordance with ORS 305.275 and ORS 305.280. If you have any questions or comments, please feel free to contact this office."
On June 10, 2005, the county received a request from taxpayer for an application to appeal to the Magistrate Division. On June 13, 2005, the county sent taxpayer a standard appeal form with instructions on how to file a property tax appeal with the Magistrate Division; those documents were accompanied by a cover letter. On October 12, 2005, taxpayer mailed to the Magistrate Division three documents: a copy of the cover letter that the county had sent taxpayer on June 13, 2005; a complaint; and a letter explaining why taxpayer felt his land should continue to be subject to special assessment. The Magistrate Division received those documents on October 14, 2005, more than 90 days after taxpayer received the notice of disqualification. Subsequently, the magistrate dismissed taxpayer's complaint because it had *Page 121 
not been filed within the 90-day period set forth in ORS305.280(1).[1]
Taxpayer appealed to this division, asserting that the county had failed to provide him with the proper forms in time for him to file a timely appeal in the Magistrate Division. In response to the department's motion for summary judgment, taxpayer stated that he did not receive the appeal form and instructions from the county until September 2005, and that the documents he did receive made no mention of a 90-day appeal period. Those statements were not contained in taxpayer's complaint to this division; they were thus not subject to admission by the department. Nor were those statements authenticated by use of affidavit or declaration, as required by TCR 47; therefore, they cannot be considered by the court. See Richards, 19 OTR 84, 87
(2006) (noting the necessity of authentication).
 III. ISSUE
Is the department entitled to summary judgment?
 IV. ANALYSIS
This case is similar to Cullison v. Dept. of Rev., 17 OTR 315
(2004). In that case, as in this, the taxpayer received a notice disqualifying his property from special assessment as a farm.17 OTR at 316. In both cases, the notice stated that taxpayer had 90 days to appeal that decision to the Magistrate Division. Id. In both cases, the taxpayer did not file an appeal with the Magistrate Division until after the 90-day period had expired.Id. In both cases, on appeal to the Regular Division, the court was faced with a motion for summary judgment against taxpayer.Id. In Cullison, the court granted that motion. Id. at 318. The court does the same in this case as well.
1-3. Taxpayer's June 10, 2005, request to the county indicates that he received the notice of disqualification. That notice clearly stated that taxpayer had 90 days to appeal to the Magistrate Division. The county was under no obligation to provide taxpayer with the appropriate appeal forms or instructions at all, let alone in a timely manner. The record *Page 122 
shows that the county did so, and in prompt response to taxpayer's request. In any case, taxpayers, not the department or the county, bear responsibility for ensuring that their appeals are timely. See Welch v. Washington County, 314 Or 707, 718,842 P2d 793 (1992) (stating that taxpayers are responsible for keeping track of their property tax liability). That includes the responsibility for obtaining the proper forms from this court or another source. Taxpayer cannot now be heard to blame the county for his own failure to file a timely appeal in the Magistrate Division.
As in Cullison, the court notes that "if, as taxpayer asserts, his land does qualify for special assessment, there are requalification and abatement procedures in the statutes that apply. ORS 308A.089; ORS 308A.119." 17 OTR at 317.
 V. CONCLUSION
The court concludes that taxpayer failed to file a timely appeal to the Magistrate Division. Now, therefore,
IT IS ORDERED that Defendant Department of Revenue's Motion for Summary Judgment is granted.
[1] All references to the Oregon Revised Statutes (ORS) are to the 2005 edition. *Page 123