IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

ALFRED FAIRBANKS )
and ENERGETICS LLC, )
)
Plaintiffs, )   TC-MD 110942N
)
v. )
)
LAKE COUNTY ASSESSOR, )
)
Defendant, )
)
and )
)
DEPARTMENT OF REVENUE, )
State of Oregon, )
)
Defendant-Intervenor. )   **DECISION OF DISMISSAL**

This matter is before the court on Defendant-Intervenor's (department) Motion to

Dismiss (Motion) filed December 22, 2011.  A case management conference was held on

January 19, 2012, during which the parties discussed the department's Motion and agreed to a

schedule by which to submit additional written arguments, memorialized in the court's Journal

Entry issued January 23, 2012.  Plaintiffs filed a Request for Denial of Motion to Dismiss

(Request) on February 6, 2012.  The department filed its Reply to Plaintiffs' Response (Reply)

on February 15, 2012.  This matter is now ready for the court's determination.

Plaintiffs appeal from 2010-11 property tax statements for property identified as

Accounts 80161, 353, and 354.  Plaintiff Alfred Fairbanks (Fairbanks) clarified during the

January 19, 2012, conference that Plaintiffs' appeal concerns only Account 80161 (subject

property).  Also included with Plaintiffs' Complaint is a letter to the department requesting

"waiver of the property tax penalty," dated June 11, 2010, and a 2010-11 petition to the Lake

County Board of Property Tax Appeals (BOPTA) dated November 9, 2010. (Ptfs' Compl at 6, 14-15.) Plaintiffs maintain that the subject property is exempt from taxation under ORS 307.175. (*Id.* at 11.)

A.      *Contentions of the Parties*

The department moves for dismissal of Plaintiffs' appeal because it was not timely filed. The department states that Plaintiffs' time to appeal is provided in ORS 305.280(1), which states that " '[A]n appeal under ORS 305.275(1)[1] * * * shall be filed within 90 days after the act, omission, order or determination becomes actually known to the person * * *.' " (Inv's Mot at 2.) "Plaintiffs appear to be appealing from the tax statement issued by Lake County for property tax year 2010-2011. * * * At the very least, plaintiffs knew of the assessment on or before November 9, 2010, the date the petition for the 2010-2011 tax year was filed with the Lake County BoPTA. However, plaintiffs filed the instant complaint in the Oregon Tax Court on August 24, 2011, at least ten months after they were aware of the property tax assessment for 2010-2011." (*Id.*) The department further states that, "[t]o the extent that plaintiffs' appeal can be read as an appeal from the Lake County BoPTA's February 18, 2011, determination, the appeal also fails.[2] First, BoPTA has no jurisdiction over plaintiffs' claim for exemption under ORS 307.175. * * * * * [E]ven if the Lake County BoPTA had jurisdiction, the appeal is untimely." (*Id.* at 3.)

Plaintiffs respond that they "have in good faith originally attempted to appeal within the allotted time. Due to a clerical error, and lack of tax appeal knowledge, the appropriate steps were not taken fully to appeal within the allotted time. The plaintiffs had fully intended to

---

[1] All references to the Oregon Revised Statutes (ORS) are to 2009.

[2] With its Motion, the Department included a letter dated February 18, 2011, from the Lake County BOPTA to Plaintiffs stating that the BOPTA "does not have the authority to hear our appeal, therefore no decision was made by the board." (Inv's Mot at 21.)

appeal, and to his/their knowledge, had taken the proper steps for the appeal." (Ptfs' Request at 1-2.) In support of their request that the department's Motion be denied, Plaintiffs cite two orders of the Regular Division of this court, *White v. Department of Revenue and Morrow County Assessor* (*White*), TC No 4756 (May 11, 2006), and *Richards v. Department of Revenue* (*Richards*), TC No 4758 (Jun 1, 2006). Plaintiffs further state that, "[w]ith all avenues closed to plaintiffs, this court appears to be the only venue they have before them to have his complaint heard. It is the plaintiffs' right to be heard, and the plaintiffs are asking this court to allow this venue to be their opportunity by denying the defendants motion to dismiss." (*Id.* at 2.) Plaintiffs included with their Request, several email exchanges between Fairbanks and Michael Olson at the department.

The department replies to Plaintiffs' Request "by continuing to assert that plaintiffs' appeal is untimely." (Inv's Reply at 1.) The department disagrees that Plaintiffs have established that they made "a good faith effort to file the appeal within the time allowed by statute" and that, even if "a good faith effort" were established by Plaintiffs, "lack of knowledge and a good faith effort to file timely do not excuse failure to comply with statutory filing requirements." (*Id.* at 2, *citing* ORS 305.288(3), (5).) The department notes that this court has previously "dismissed the complaint of a taxpayer who mistakenly appealed the denial of an exemption to BOPTA instead of the tax court. *See Cullison v. Dept. of Rev.* [(*Cullison*)], 17 OTR 315, 317 (2004). The court held that where, as here, there is no legislatively approved relief for late filing with the court, '[t]he court is not authorized to create an exception to the statutory filing requirements.' *Id.*" (Inv's Reply at 2.)

The department further replies that *White* and *Richards*, cited by Plaintiffs, are inapposite. (Inv's Reply at 3.) In *White*, the court denied the defendant's motion to dismiss

under Tax Court Rule (TCR) 21 A(9), finding that the pleadings alone did not establish that the plaintiff's appeal was untimely filed and that the court could not consider additional exhibits not included with the pleadings.[3] *White*, TC No 4756 at 3. The department distinguishes the facts in *White*, noting that "the instant action is currently in the Magistrate Division. There is no question that the magistrate can look at the Magistrate Division complaint and its attachments in considering the department's motion to dismiss." (Inv's Reply at 3, *citing* ORS 305.501(4)(a).) In *Richards*, the court considered motions to dismiss for failure to state a claim, failure to name the plaintiff in the caption of the complaint, and failure to pay the full amount of tax, interest, and penalties owed. The department argues that *Richards* has no applicability to this appeal. (*Id.* at 4.) Finally, the department argues that Plaintiffs failed to exhaust administrative remedies because "Plaintiffs failed to request a conference with the director of the department to challenge the assessment [notice of proposed assessment] as required by ORS 308.584(4)."[4] (*Id.*)

B.      *Analysis*

The time for filing appeals is provided in ORS 305.280. "Except as otherwise provided in this section, an appeal under ORS 305.275(1) or (2) shall be filed within 90 days after the act, omission, order or determination becomes actually known to the person[.]" ORS 305.280(1).[5] Plaintiffs' Complaint was postmarked August 22, 2011, which is more than 90 days beyond the date that Plaintiffs filed their petition with BOPTA (November 9, 2010) and also the date that

---

[3] The court subsequently granted the defendant's motion for summary judgment, finding that the plaintiff's appeal was not timely filed. *See White v. Dept. of Rev. and Morrow County Assessor*, TC No 4756 (Jul 25, 2006).

[4] The department included with its Reply its Declaration of Michael Olson stating that the department "mailed a notice of proposed assessment to plaintiffs" on May 25, 2010; Plaintiffs "submitted a penalty waiver request to the director of the department" on June 11, 2010; "the director granted plaintiffs' request for a penalty waiver" on August 2, 2010; and "Plaintiffs never requested a conference with the director of the department regarding the taxability, valuation or any other issue related to the subject property for property tax year 2010-11."

[5] An appeal from a BOPTA order "shall be filed within 30 days after the * * * date of mailing of the order." ORS 305.280(4). Plaintiffs have not appealed from a BOPTA Order, but have included a petition filed with BOPTA for the 2010-11 tax year that was dismissed by BOPTA based on its lack of jurisdiction.

BOPTA sent a letter to Plaintiffs stating that it lacks jurisdiction to consider Plaintiffs' petition (February 18, 2011). Thus, it is clear that Plaintiffs did not file their Complaint with this court "within 90 days after the act, omission, order or determination bec[ame] actually known" to Plaintiffs, as required by ORS 305.280(1).

ORS 305.288(3) allows the court to review untimely appeals when the taxpayer establishes "good and sufficient cause" for not timely pursuing the statutory right of appeal:

> "The tax court may order a change or correction applicable to a separate assessment of property to the assessment or tax roll for the current tax year and for either of the two tax years immediately preceding the current tax year if, for the year to which the change or correction is applicable the assessor or taxpayer has no statutory right of appeal remaining and the tax court determines that *good and sufficient cause* exists for the failure by the assessor or taxpayer to pursue the statutory right of appeal."

(Emphasis added.) " 'Good and sufficient cause':

> "(A) Means an extraordinary circumstance that is beyond the control of the taxpayer, or the taxpayer's agent or representative, and that causes the taxpayer, agent or representative to fail to pursue the statutory right of appeal; and

> "(B) Does not include inadvertence, oversight, lack of knowledge, hardship or reliance on misleading information provided by any person except an authorized tax official providing the relevant misleading information."

ORS 305.288(5)(b). Plaintiffs' stated reasons for their untimely appeal, a "clerical error" and "lack of tax appeal knowledge," are not "good and sufficient cause" within the meaning of ORS 305.288. "Lack of knowledge" is specifically identified as a cause that is *not* within the meaning of "good and sufficient cause." ORS 305.288(5)(b)(B). As noted by the department, this court "is not authorized to create an exception to the statutory filing requirements when, as here, the adverse party insists on their application." *Cullison*, 17 OTR at 317.

Plaintiffs have cited *White* and *Richards* as standing for the proposition that this court may deny motions for dismissal under TCR 21 A. As a general matter, Plaintiffs are correct that

a motion to dismiss may be denied if the requirements of the rule are not satisfied. However, for the reasons set forth above and stated by the department, the court agrees that *White* and *Richards* have no applicability in this case. It is clear from Plaintiffs' Complaint and attachments that Plaintiffs' appeal is untimely. An opportunity for additional written arguments was provided, but Plaintiffs were unable to establish "good and sufficient cause" for their failure to timely appeal. The court is without the authority to create an exception to the statutory filing requirements and the department's Motion must be granted. Now, therefore,

IT IS THE DECISION OF THIS COURT that the Defendant-Intervenor's Motion to Dismiss is granted and Plaintiffs' Complaint is dismissed.

Dated this ____ day of March 2012.

_____
ALLISON R. BOOMER
MAGISTRATE PRO TEMPORE

*If you want to appeal this Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within 60 days after the date of the Decision or this Decision becomes final and cannot be changed.*

*This document was signed by Magistrate Pro Tempore Allison R. Boomer on March 12, 2012. The Court filed and entered this document on March 12, 2012.*