IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

| | | |
|---|---|---|
| MICHAEL ST. CLAIR<br>and CINDY ST. CLAIR, | ) | |
| | ) | |
| Plaintiffs, | ) | TC-MD 220471N |
| | ) | |
| v. | ) | |
| | ) | |
| CURRY COUNTY ASSESSOR, | ) | **ORDER GRANTING** |
| | ) | **DEFENDANT'S MOTION** |
| Defendant. | ) | **FOR SUMMARY JUDGMENT** |

This matter came before the court on Defendant's Motion to Dismiss (Motion), filed January 9, 2023. During the case management conference held March 7, 2023, the parties agreed to a written briefing schedule on Defendant's Motion. In accordance with that schedule, Defendant filed its Brief in Support of Motion to Dismiss on March 21, 2023. Plaintiffs filed a response on May 11, 2023. Based on the parties' request for a ruling on the case file and written briefing, the court construes Defendant's Motion to Dismiss as a motion for summary judgment.[1] This matter is now ready for the court's determination.

## I. STATEMENT OF FACTS

The relevant facts are briefly stated. In early 2021, Plaintiffs purchased and moved into the subject property, located in Gold Beach, Oregon. (Def's Br Supp Summ J at 2.) Because the

---

[1] In ruling on a motion to dismiss, the court's review is limited to the pleadings. *White I v. Dept. of Rev.*, 19 OTR 47, 49 (2006). "The pleadings are the written statements by the parties of the facts constituting their respective claims and defenses. Pleadings must not be combined with or attached to briefs or memoranda." Tax Court Rule (TCR) 13 A; *see also* preface to Magistrate Division rules (the magistrate may look to the Regular Division rules as a guide to the extent relevant). Although Defendant filed a Motion to Dismiss, for purposes of this Order, the court treats Defendant's Motion as a motion for summary judgment, so it may consider the entire case file in its review. *See e.g., Cruz v. Dept. of Rev.*, TC-MD 180351G, 2019 WL 2616737 at *1 (Or Tax M Div Jun 25, 2019) ("[T]he court allowed the parties to submit evidence, effectively converting it into a motion for summary judgment"). That is consistent with the intent of the parties expressed at the March 7, 2023, case management conference; Plaintiffs requested the court enter a decision on the case file in lieu of trial and Defendant requested the opportunity to submit a supplemental brief.

subject property was located outside the local post office's delivery radius, it was not a valid mailing address, and Plaintiffs were required to set up a post office box to receive their mail. (Def's Mot at 1; *see also* Def's Br Supp Summ J at 2; *see also* Compl at 2.) Plaintiffs did set up a post office box and communicated the post office box number to utility and medical providers. (Compl at 2.) They did not allege that they provided Defendant with the address of the post office box at any point in 2021. (*See id.*)

On October 7, 2021, the Curry County Tax Office mailed Plaintiffs a property tax statement for tax year 2021-22 to the subject property's situs address provided by Plaintiffs. (Def's Br Supp Summ J at 2.) The statement was returned to the Curry County Tax Office by the postal service, due to the address being undeliverable. (*Id.*) Unaware of an alternate mailing address, the Curry County Tax Office did not attempt to mail Plaintiffs additional statements. (Def's Ltr at 1-2, Mar 6, 2023.) In October 2022, Plaintiffs went to the Curry County Tax Office to inquire into why they had not received their property tax bill. (Compl at 2.) At the office, Plaintiffs learned they failed to make a timely payment. (*Id.*) On October 3, 2022, Plaintiffs paid their outstanding property tax balance, including $935 (rounded) in interest, in full. (*Id.*) On December 14, 2022, Plaintiffs filed their Complaint, requesting the interest charged be waived and refunded. (Compl at 1-5; *see also* Ptfs' Ltr May 11, 2023.)[2]

## II.  ANALYSIS

The issue is whether Plaintiffs are entitled to cancellation or waiver of interest charged on their late property tax payment for the 2021-22 tax year because Plaintiffs did not receive the property tax statement.

___

[2] In their Complaint, Plaintiffs requested the court "remove the penalty" and refund their payment of $935 (rounded). (Compl at 3.) Although Plaintiffs refer to the amount as a "penalty," the evidence submitted indicates it was interest charged, and the court conducts its analysis with that understanding.

The court shall grant a motion for summary judgment if all the documents on file "show that there is no genuine issue as to any material fact and that the moving party is entitled to prevail as a matter of law." TCR 47 C.[3] "No genuine issue as to a material fact exists if, based upon the record before the court viewed in a manner most favorable to the adverse party, no objectively reasonable juror could return a verdict for the adverse party * * *." *Id*. The party opposing summary judgment has the burden of producing evidence on any issue raised in the motion as to which the adverse party would have the burden of persuasion at trial. *See* TCR 47 C. On questions of fact, Plaintiffs bear the burden of proof by a preponderance of the evidence. ORS 305.427.[4] A "[p]reponderance of the evidence means the greater weight of evidence, the more convincing evidence." *Feves v. Dept. of Revenue*, 4 OTR 302, 312 (1971).

Generally, all real property located within the State of Oregon is subject to taxation. ORS 307.030(1). Interest is charged on outstanding property taxes at "the rate of one and one-third percent per month, or fraction of a month until paid." ORS 311.505(2). In their Complaint, Plaintiffs concede their property tax payment was late, however, they argue relief should be granted from the interest charged because they did not intentionally try to avoid paying their property taxes, noting they have never before made a late property tax payment. (Compl at 3.) Here, interest was properly charged to Plaintiffs' outstanding property tax balance, so the question becomes whether any legal authority supports cancellation or waiver of that interest.

During the case management conference held February 7, 2023, Plaintiffs argued the Curry County Tax Office provided inadequate notice by failing to mail a total of three tax

---

[3] TCR 47 is made applicable by TCR-MD 13 B, which provides that "[t]he court may apply TCR 47 to motions for summary judgment, to the extent relevant."

[4] The court's references to the Oregon Revised Statutes (ORS) are to the 2019 edition, unless otherwise indicated.

statements.[5]  (Def's Br Supp Summ J at 2.)  On or before October 25 each year, the tax collector is required to mail to the taxpayer "a written statement of property taxes payable on the following November 15."  ORS 311.250(1).  Although taxpayers may pay their property taxes in three equal amounts over the year, the court is not aware of any authority requiring a tax collector to provide a taxpayer with three statements.  *See* ORS 311.505 (providing for three payments).  Even if such authority did exist, a taxpayer's failure to receive such a statement does not invalidate the tax.  *See* ORS 311.250(2).

Property owners are required by law to inform the tax collector of their true and correct mailing address.  ORS 311.555.  "No person * * * who fails to keep the tax collector so informed shall be permitted to plead lack of due notice given by the tax collector * * *."  *Id*.  This court has found that when a tax collector mails a statement to the address identified on the recorded deed, it provides adequate notice.  *See Greichus v. Coos Cty. Assessor*, TC-MD 140349N, 2015 WL 1089741 at *3 (Or Tax M Div Mar 10, 2015) (granting the county's motion to dismiss where the tax collector mailed the tax statement to the address on the recorded deed).[6]  By contrast, if the tax collector fails to keep taxpayer's true and correct address noted as required by ORS 311.560, the collector is subject to damages resulting from its failure to keep the address or give notice.  ORS 311.565.  Such damages may include interest imposed on late payment.  *See, e.g., Russell v. Lane Cty Assessor*, TC-MD 010128C, 2001 WL 455725 at *2 (Or Tax M Div Apr 18,

---

[5] Defendant created confusion on this point by alleging in its Motion that: "In Curry County, tax statements are sent out to property owners three times throughout the year in accordance with Oregon law.  For the 2021 tax year, statements were mailed in October, January, and April."  (Mot at 1-2.)  Upon further review, Defendant clarified its statement that its "policy" is to mail three statements "as a courtesy" but not if it "receives returned mail indicating that the mailing address on file for the property owner(s) is undeliverable."  (Def's Ltr at 1, Mar 6, 2023.)  It appears that Defendant sent only one 2021-22 property tax statement for the subject property.

[6] This court has held that an assessor has no official duty to search county records or other sources for an alternative mailing address for a taxpayer; rather, taxpayers must keep the county assessor informed of their true and correct address.  *See Byzantine Catholic Bishop of Van Nuys v. Multnomah County Assessor*, TC-MD 101321B, 2011 WL 4444186 at *3-4 (Or Tax M Div Sept 25, 2011).

2001). Here, the undisputed facts indicate that Defendant mailed the 2021-22 tax statement to the address supplied by Plaintiffs, and that Plaintiffs did not update Defendant with their post office box before October 2022. Thus, the court finds no basis to cancel interest under ORS 311.565.

Interest shall be waived if a taxpayer's late payment was due to reliance on the misleading statement of a county tax collector—circumstances not applicable to this case. ORS 305.145(1). Plaintiffs have not alleged any facts indicating that Defendant misled them. The court sympathizes with Plaintiffs and the hardship caused by this interest, but it cannot depart from the law.

## III. CONCLUSION

Upon careful consideration, the court concludes that interest was properly charged to Plaintiffs' late property tax payment for the 2021-22 tax year. Plaintiffs presented no facts to support their request for cancellation or waiver of interest under ORS 311.565, ORS 305.145, or any other legal authority. Now, therefore,

IT IS ORDERED that Defendant's Motion for Summary Judgment is granted.

Dated this _____ day of May 2023.

_____
ALLISON R. BOOMER
PRESIDING MAGISTRATE

***This is a <u>dispositive order</u> pursuant to Tax Court Rule – Magistrate Division 16 C(1). The court will issue a decision after waiting 14 days to determine whether there is a dispute about costs and disbursements. Any claim of error in regard to this order should be raised in an appeal of the Magistrate's decision when all issues have been resolved. See TCR-MD 19.***

***This document was signed by Magistrate Allison R. Boomer and entered on May 17, 2023.***

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
TC-MD 220471N                                                                                                    5