IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

| | | |
|---|---|---|
| CRAMERS GRINDING & TOOLING, | ) | |
| | ) | |
| Plaintiff, | ) | TC-MD 230064G |
| | ) | |
| v. | ) | |
| | ) | |
| DEPARTMENT OF REVENUE, | ) | |
| State of Oregon, | ) | |
| | ) | |
| Defendant. | ) | **ORDER DISMISSING COMPLAINT** |

This matter came before the court on Defendant's Motion to Dismiss, filed April 14, 2023. Plaintiff filed its Response opposing dismissal on May 11, 2023.

The subject of this valuation appeal is state-appraised industrial property identified as Account 1858776. Plaintiff appealed from its 2022–23 real property tax statement to the Lane County Board of Property Tax Appeals (BOPTA) on December 29, 2022. At the BOPTA hearing on February 22, 2023, Plaintiff was advised to appeal to the Magistrate Division. On March 7, 2023, BOPTA issued a Real Property Order purporting to sustain the subject property's tax roll values. The BOPTA Real Property Order was accompanied by a document stating that an appeal to the Magistrate Division could be filed within 30 days. Plaintiff filed its Complaint with this court two days later, on March 9, 2023.

Defendant requests dismissal on the ground that Plaintiff's Complaint is untimely, arguing that a complaint's untimeliness strips this court of jurisdiction. Defendant's jurisdictional argument is not well taken: in this court, "[t]he time within which the statute provides that the proceeding shall be brought is a period of limitations and is not jurisdictional."

ORS 305.425(2).[1]  Nevertheless, the fact remains that "application to the court for relief must be made within the time allowed and specified by the legislature." *Cullison v. Dept. of Rev.*, 17 OTR 315, 317 (2004).  The practical effect of timeliness not being jurisdictional is that the court does not raise untimeliness on its own motion; it must be raised by the defendant.  *See* TCR–MD 2 B; TCR 21 A(9).[2]  Here, because Defendant raised the issue of timeliness in its first responsive pleading, the court considers whether Plaintiff's Complaint was filed within the period of limitations.

Appeals of state-appraised industrial property values follow a different process than appeals of other property values.  Whereas the general right to appeal value to this court is found in ORS 305.275 and requires first petitioning a county board of property tax appeals under ORS 309.100, appeals of state-appraised industrial property values are governed by ORS 305.403. Under ORS 305.403(1), such appeals "must be brought in the tax court" rather than the board of property tax appeals.  Under ORS 305.403(2), the complaint must be filed in this court "during the period following the date the tax statements are mailed for the current tax year and ending December 31."

Because December 31, 2022, fell on a Saturday and the following Monday, January 2, 2023, was a legal holiday, the statutory deadline for Plaintiff's appeal was Tuesday, January 3, 2023.  *See* ORS 174.120(2), (3).  Thus, Plaintiff's Complaint, filed March 9, 2023, was not filed within the period of limitations provided in ORS 305.403(2).

In its Response, Plaintiff asks the court to consider the timeline of its appeal, including that its petition to BOPTA was filed before December 31 and that it was advised at the BOPTA

---

[1] The court's references to the Oregon Revised Statutes (ORS) are to 2021.

[2] Tax Court Rules – Magistrate Division (TCR–MD); Tax Court Rules (TCR).

hearing to file a complaint with the Magistrate Division.

The facts related in Plaintiff's Response evoke the court's authority to order a value correction for "good and sufficient cause." ORS 305.288(3). "Good and sufficient cause" is defined as an extraordinary circumstance beyond the taxpayer's control "that causes the taxpayer, agent or representative to fail to pursue the statutory right of appeal[.]" ORS 305.288(5)(b)(A). Inadvertence, oversight, and lack of knowledge are specifically excluded from the definition. ORS 305.288(5)(b)(B).

On the facts here, Plaintiff did not have good and sufficient cause for failing to file a complaint in this court by the January 3, 2023, deadline. Plaintiff's lack of knowledge that its industrial property's value should be appealed directly to the Magistrate Division, instead of first petitioning BOPTA, is specifically excluded by the definition. *See* ORS 305.288(5)(b)(B). Likewise, advice received by Plaintiff at the BOPTA hearing on February 15 and in the appeal rights attached to the BOPTA order did not cause Plaintiff's failure to file a complaint in the Magistrate Division more than six weeks earlier. *See* ORS 305.288(5)(b)(A).

Plaintiff's Complaint was untimely, and Plaintiff has not shown that its untimeliness was caused by an extraordinary circumstance outside of Plaintiff's control. Now, therefore,

IT IS ORDERED that Defendant's Motion to Dismiss be and hereby is granted.

Dated this _____ day of September, 2023.


_____
POUL F. LUNDGREN
MAGISTRATE

*This is a <u>dispositive order</u> pursuant to Tax Court Rule – Magistrate Division 16 C(1). The court will issue a decision after waiting 14 days to determine whether there is a dispute about costs and disbursements.  Any claim of error in regard to this order should be raised in an appeal of the Magistrate's decision when all issues have been resolved.  See TCR-MD 19.*

*This document was signed by Magistrate Poul F. Lundgren and entered on September 21, 2023.*