IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

MAUREEN CONSTANTINO,      )
                                           )
            Plaintiff,             )    TC-MD 230442N
                                           )
      v.                           )
                                           )
JACKSON COUNTY ASSESSOR,    )
                                         )
           Defendant.      )    **DECISION**

Plaintiff appealed the value of property identified as Account 11007316 (subject property) for the 2020-21 through 2023-24 tax years. (Compl at 1.) On December 4, 2023, Defendant filed its Answer, including a motion to dismiss due to "no statutory authority" for Plaintiff's requested relief. On December 11 and December 13, 2023, Plaintiff filed letters with additional information. The court held a case management conference on January 29, 2024, and gave Plaintiff 14 days to determine if she wanted to pursue her appeal. On February 5, 2024, Plaintiff filed a request that the court issue a decision determining the outcome of the case. Defendant filed a response on February 8, 2024. The court construes the parties' filings as cross motions for summary judgment, which are now ready for the court's determination.[1]

## I. STATEMENT OF FACTS

There is no dispute regarding the material facts. Plaintiff purchased the subject property in 2019, at which time "the size was listed at [1,811] square feet." (Compl at 2.) Yet, the subject property "was entered into the tax roll" at 2,288 square feet. (*Id.*) Plaintiff became aware of the

---

[1] In reviewing a motion for summary judgment, the court considers the entire case file viewing facts in a light most favorable to the adverse party, which is Plaintiff. *White I v. Dept. of Rev.*, 19 OTR 47, 49 (2006); *Cruz v. Dept. of Rev.*, TC-MD 180351G, 2019 WL 2616737 at *1 (Or Tax M Div, Jun 25, 2019); and Tax Court Rule (TCR) 47 C.

error after comparing property taxes with a neighbor on October 23, 2023, at which point Plaintiff realized she paid a "substantial[ly]" higher amount even though her house was smaller than her neighbor's. (*Id.* at 2; Ptf's Ltr at 1, 3, Dec 11, 2023.) On November 9, 2023, Plaintiff submitted to Defendant an Application for Correction of Maximum Assessed Value under ORS 311.234. (Compl at 3.) Shortly thereafter, Plaintiff filed this appeal for the 2020-21 through 2023-24 tax years, citing the square footage error on the roll. (*Id.* at 1.)

Defendant made Plaintiff's requested correction for the 2023-24 tax year under ORS 311.234 but declined to make a correction for any earlier tax years because "there is no statutory authority which allows for the relief [P]laintiff seeks." (Ans at 1.) Defendant noted that Plaintiff did not appeal to the Board of Property Tax Appeals (board) for any of those years. (*Id.*)

## II. ANALYSIS

The issue presented is whether the court may order a correction to the subject property's values for any of the tax years from 2020-21 through 2022-23.[2]

The Tax Court shall grant a motion for summary judgment if all documents on file "show that there is no genuine issue as to any material fact and that the moving party is entitled to prevail as a matter of law." TCR 47 C.[3] "No genuine issue as to a material fact exists if, based upon the record before the court viewed in a manner most favorable to the adverse party, no objectively reasonable juror could return a verdict for the adverse party * * *." *Id.* The party opposing summary judgment has the burden of producing evidence on any issue raised in the motion as to which the adverse party would have the burden of persuasion at trial. *See id.*

---

[2] Although Plaintiff appealed the 2023-24 tax year, it appears that Plaintiff received her requested relief from Defendant for the 2023-24 tax year because Defendant corrected the subject property's maximum assessed value for that year. (*See* Ans at 1.) Plaintiff did not request any other relief for the 2023-24 tax year.

[3] Tax Court Rule (TCR) 47 is made applicable by Tax Court Rule-Magistrate Division (TCR-MD) 13 B, which provides that "[t]he court may apply TCR 47 to motions for summary judgment, to the extent relevant."

Neither party identified any material facts in dispute. Therefore, the court will consider whether either party is entitled to prevail as a matter of law.

The court considers in turn each of the statutory avenues for appeal identified by the parties: for a MAV correction under ORS 311.234, from an error correction under ORS 311.205, to the board, and to this court under the circumstances in ORS 305.288.[4] (*See* Compl at 4; Ptf's Ltr, Dec 13, 2023; Ptf's Ltr at 1, Feb 5, 2024.)

A.     *ORS 311.234: Correction of Square Footage Errors*

Plaintiff contends that Defendant may correct a square footage error for up to five years preceding the last certified roll. (Ptf's Ltr at 3, Feb 5, 2024.) Plaintiff cites to language in 2023 House Bill (HB) 2086, which amended ORS 311.234.[5] (*Id.*) Before the enactment of HB 2086, ORS 311.234 provided that a taxpayer may petition the county assessor to correct the property's maximum assessed value for the *current tax year* if the taxpayer demonstrates a difference between the property's actual square footage and square footage on the roll. ORS 311.234(1), (2)(a) (2021). HB 2086 amended that language such that a taxpayer "may seek the correction for the current tax year and for up to five tax years immediately prior to the current tax year."

As noted above, Defendant corrected the 2023-24 tax year roll under ORS 311.234 (2021) after Plaintiff demonstrated a difference between the subject property's actual and roll square footage. The question becomes whether ORS 311.234, as amended in 2023, provides a basis to correct the 2020-21 through 2022-23 tax years. Unfortunately for Plaintiff, the

---

[4] Although not presented here, a taxpayer may also petition the Oregon Department of Revenue to exercise its supervisory authority to correct the roll "for the current tax year and for either of the two tax years immediately preceding the current tax year * * *." ORS 306.115. The court reviews such decisions for abuse of discretion. *ADC Kentrox v. Dept. of Rev.*, 19 OTR 91, 101 (2006).

[5] Unless otherwise noted, the court's references to the Oregon Revised Statutes (ORS) are to 2019. The 2021 edition of the ORS applies to the 2022-21 and 2023-24 tax years but does not differ from the sections of the 2019 edition cited here.

amendments to ORS 311.234 by HB 2086 only apply to property tax years beginning on or after July 1, 2024. Or Laws 2023, ch 231, § 6. Thus, the 2023 amendment to ORS 311.234 does not provide a basis for relief for tax years 2020-21 through 2022-23, each of which began before July 1, 2024. *See* ORS 308.007 (the "tax year" is a period of 12 months beginning on July 1, which corresponds to the "assessment year" beginning on January 1 of the same calendar year).

B.      *ORS 311.205: Correction of Error on Property Tax Roll*

Plaintiff argues that the subject property's values may be corrected under ORS 311.205. That statute authorizes the officer in charge of the roll to correct clerical and other types of errors on the roll for the current and up to five prior tax years. Defendant declined to make a correction under ORS 311.205 because an error in square footage is not a clerical error but rather one of valuation judgment.[6] (Def's Resp at 1, Feb 8, 2024.) Defendant noted that value is based on a variety of factors including construction quality and design, finishes and materials, location, depreciation, and market conditions. (*Id.*) The question before the court is whether Plaintiff or the court may require Defendant to make a correction under ORS 311.205.

This court has previously considered whether ORS 311.205 grants taxpayer a right to appeal when taxpayer believes that an error exists on the tax roll. *Woody Family Properties, LLC v. Jackson County Assessor*, TC-MD 200188N, 2021 WL 3141210 (Or Tax M Div, Jul 26, 2021). Notwithstanding a few prior cases that appeared to reach the substance (whether the error was clerical or not) before denying the appeal, the court in *Woody* concluded that the text and context of ORS 311.205 does not support a taxpayer's right to appeal under that statute. Plaintiff has no right to appeal under ORS 311.205 because Defendant has not made a correction.[7]

---

[6] For further background on this distinction, *see Miller v. Deschutes County Assessor*, TC-MD 190273N, 2020 WL 1847134 (Or Tax M Div, Apr 10, 2020).

[7] If the officer makes a correction under ORS 311.205 that increases the assessment, a taxpayer may appeal

C.    *Appeals From Board Order, Appeals Under ORS 305.288*

Finally, Plaintiff suggests that a correction may be made under ORS 305.288(1) because the square footage error exceeded 20 percent. (Ptf's Ltr at 1, Feb 5, 2024.) As background to understand ORS 305.288(1), the court briefly addresses the usual appeal to the board.

The primary way for a taxpayer to challenge the value of their property is to appeal to the board under ORS 309.100. The period for appealing to the board is from October to December 31st of the property tax year. ORS 309.100(2).[8] A taxpayer may then appeal the board order to this court within 30 days of the order. ORS 309.110(7); ORS 305.275(3); ORS 305.280(4). "If a taxpayer may appeal to [the board] under ORS 309.100," then no appeal may be taken to this court. ORS 305.275(3). Plaintiff concedes she did not appeal the subject property's value to the board for any of the tax years at issue because she was not aware of the error until 2023. (Ptf's Ltr at 3, Feb 5, 2024.)

If a taxpayer fails to appeal to the board or fails to timely appeal from a board order, ORS 305.288 may allow an appeal for the current and preceding two tax years. Although Plaintiff appealed several tax years, her primary focus is the 2020-21 tax year because that is when the square footage error was first reflected in the subject property's maximum assessed value. (*See also* Def's Resp at 1, Feb 8, 2024 (stating that a change to real market value for the 2021-22 and 2022-23 tax years would have no effect on the maximum assessed value for the

---

that correction to this court. *See* ORS 311.205(4) (authorizing appeal and giving procedures).

For tax years beginning on or after July 1, 2024, ORS 311.205(1)(a) was amended to state that the officer "shall" rather than "may" correct clerical errors. Or Laws 2023, ch 231, §§ 3, 6. No similar amendment was made to ORS 311.205(1)(b)(A) concerning errors in valuation judgment. Because the amendment was not effective for any of the tax years at issue in this appeal, the court declines to opine on its impact.

[8] ORS 311.250(1) requires the tax collector to deliver or mail tax statements to property owners by October 25, including "a written statement of property taxes payable on the following November 15."

2020-21 tax year).) The court is unable to order any change for the 2020-21 tax year because ORS 305.288 only allows relief for the current and preceding two tax years. In this case, the current tax year is the 2023-24 tax year, and the preceding two tax years are the 2021-22 and 2022-23 years. The court nevertheless considers whether it may hear Plaintiff's appeal for the 2021-22 and 2022-23 tax years under ORS 305.288.

ORS 305.288 allows this court to hear an appeal in two scenarios. First, an appeal is allowed if the property is used primarily as a dwelling and the taxpayer alleges and proves an error of at least 20 percent in its real market value. ORS 305.288(1). Plaintiff has not alleged a 20 percent error in *real market value*. In fact, Plaintiff did not allege real market values for any of the years appealed. Plaintiff cited a square footage error exceeding 20 percent (1,811 vs. 2,288 square feet) but did not allege that the error translated to a 20 percent reduction in real market value. (*See* Ptf's Ltr at 1, Feb 5, 2024 (referring to square footage error exceeding 20 percent).) Because Plaintiff has not alleged a 20 percent error in *real market value* for the 2021-22 or 2022-23 tax years, the court cannot consider them under ORS 305.288(1).

Second, an appeal is allowed if the taxpayer establishes "good and sufficient cause" for failing to timely appeal. ORS 305.288(3). "Good and sufficient cause" is "an extraordinary circumstance that is beyond the control of the taxpayer * * * and that causes the taxpayer * * * to fail to pursue the statutory right of appeal." ORS 305.288(5)(b)(A). It "[d]oes not include inadvertence, oversight, lack of knowledge, hardship or reliance on misleading information provided by any person except an authorized tax official * * *." ORS 305.288(5)(b)(B). Plaintiff did not allege "good and sufficient cause" for failing to timely appeal any prior tax years. Instead, it appears Plaintiff failed to appeal in prior years due to lack of knowledge, which is excluded from the definition of good and sufficient cause. As a result, the court may not hear

Plaintiff's appeal under ORS 305.288(3).

## III. CONCLUSION

Upon careful consideration, the court finds no authority to correct the subject property's values for the 2020-21 through 2022-23 tax years. The court further concludes that Plaintiff's appeal for the 2023-24 tax year is moot because Defendant provided Plaintiff with her requested relief. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's appeal for the 2020-21 through 2022-23 tax years is denied.

IT IS FURTHER DECIDED that Plaintiff's appeal for the 2023-24 tax year is dismissed. Dated this _____ day of June 2024.

_____

*If you want to appeal this Decision, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within <u>60</u> days after the date of this Decision or this Decision cannot be changed. TCR-MD 19 B.*

*This document was signed by Presiding Magistrate Allison R. Boomer and entered on June 11, 2024.*