IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

| | | |
|---|---|---|
| DYLAN J. ALEXANDER and CARLEE M. ALEXANDER, | ) ) ) | |
| Plaintiffs, | ) ) | TC-MD 250429G |
| v. | ) ) | |
| DEPARTMENT OF REVENUE, State of Oregon, | ) ) ) ) | |
| Defendant. | ) | **DECISION OF DISMISSAL** |

This matter came before the court on Defendant's Motion to Dismiss, alleging that Plaintiffs' Complaint was untimely filed.

## I.   STATEMENT OF FACTS

The following facts are undisputed.  Defendant issued Plaintiffs a Notice of Proposed Refund Adjustment, dated June 13, 2024.  Plaintiffs prepared a written objection to that notice by June 18, 2024, but mistakenly failed to transmit it to Defendant until November 11, 2024. Defendant then sent a letter to Plaintiffs at their address, dated February 4, 2025, stating that Plaintiffs' written objection was untimely and that its Notice of Proposed Refund Adjustment was final.  The court received Plaintiffs' Complaint on June 10, 2025, in an envelope postmarked June 4, 2025.

## II.   ANALYSIS

In a letter submitted after their Complaint, Plaintiffs state they are appealing Defendant's Notice of Refund Adjustment of June 13, 2024.  That notice was the subject of Defendant's letter of February 4, 2025.  As shown below, Plaintiffs' appeal is untimely whether the period of limitations is measured from the date of the notice or of the letter.

Defendant issues notices of proposed refund adjustment pursuant to its authority under ORS 305.270(3).[1] Taxpayers receiving such notices may advise Defendant in writing of objections and may request a conference "within 30 days of the date of the notice of proposed adjustment[.]" ORS 305.270(4)(b). If they do not do so, the proposed adjustment becomes final after the 30-day period has expired. *See* ORS 305.270(5)(b). The deadline to appeal to this court from a notice of proposed refund adjustment is "90 days after the notice of adjustment is final." ORS 305.280(2).

If Defendant receives a written objection to a notice of proposed refund adjustment, it must consider the objection, determine any issues raised, and send out either a refund or a notice of refund denial. ORS 305.270(5)(a). The deadline to appeal to this court from a notice of refund denial is "90 days after the date of the notice." ORS 305.280(2). The general deadline to appeal to this court from an "act, omission, order or determination" of a taxing authority is 90 days after the taxing authority's act or omission becomes actually known to the taxpayer, but never later than one year after the act or omission has occurred. ORS 305.280(1).

Here, Defendant's Notice of Proposed Refund Adjustment was dated June 13, 2024, and that notice became final when Plaintiffs did not make a written objection by July 13, 2024. *See* ORS 305.270(5)(b). The date 90 days after that was October 11, 2024—almost eight months before Plaintiffs' Complaint was filed.

It is unclear what is the status of Defendant's letter of February 4, 2025, in which Defendant asserted that its Notice of Proposed Refund Adjustment was final and provided appeal rights. If that letter was a notice of refund denial, Plaintiffs' deadline to appeal it was 90 days later: May 5, 2025. *See* ORS 305.280(2). If Defendant's letter was some act other than a refund

---

[1] The court's references to the Oregon Revised Statutes (ORS) are to 2023.

denial, Plaintiffs' deadline was 90 days after acquiring actual knowledge of it. *See* ORS 305.280(1).

Plaintiffs' Complaint was postmarked 120 days after the date of the letter. They have not alleged any delay in receiving it; indeed, they received Defendant's prior notice within a week after it was issued. There is no ground to suppose Plaintiffs lacked actual knowledge of Defendant's letter for 30 days after it was issued. Plaintiffs therefore missed the deadline to appeal under either ORS 305.280(1) or ORS 305.280(2).

"The legislature created this court to provide remedies to aggrieved taxpayers when the law allows a remedy. However, as with all other courts in Oregon, application to the court for relief must be made within the time allowed and specified by the legislature." *Cullison v. Dept. of Rev.*, 17 OTR 315, 317 (2004). Where one party files untimely and the other insists on the application of the statutory deadline, this court may not proceed without authority. *See id*. Periods of limitation apply with equal force to Defendant as to taxpayers. *See*, *e.g.*, *Dept. of Rev. v. American Honda Motor Co., Inc.*, 20 OTR 404 (2011) (dismissing appeal by Department of Revenue served one day late). The court is not aware of any exception to the period of limitation in this case.

### III.  CONCLUSION

Plaintiffs' Complaint was filed untimely and is subject to dismissal on Defendant's motion. Now, therefore,

IT IS THE DECISION OF THIS COURT that Defendant's Motion to Dismiss be granted and Plaintiffs' Complaint be dismissed.

POUL F. LUNDGREN
MAGISTRATE

*To appeal this Decision, file a complaint in the Regular Division of the Oregon Tax Court. Appeals are accepted by electronic filing; by mail at 1163 State Street, Salem, OR 97301-2563; and by hand delivery to 1241 State Street, Salem, OR, Floor 4R.*

*Your complaint must be submitted within <u>60</u> days after the date of this Decision or this Decision cannot be changed.  TCR-MD 19 B.*

*This document was signed by Magistrate Poul F. Lundgren and entered on March 17, 2026.*