IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

HOLMES FAMILY TRUST,          )
                                     )
         Plaintiff,          )   TC-MD 250247N
                                     )
        v.                 )
                                     )
MULTNOMAH COUNTY ASSESSOR,   )
                                     )   **ORDER GRANTING DEFENDANT'S**
         Defendant.     )   **MOTION TO DISMISS IN PART**

This matter came before the court on Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Motion), filed July 30, 2025.  Plaintiff filed a Response to Defendant's Motion on October 1, 2025, and Defendant filed its Reply on October 16, 2025.  This matter is now ready for the court's determination.

A.    *Original and Amended Complaints*

Plaintiff filed an original Complaint on April 25, 2025, seeking farm use special assessment for the "1999-2024" tax years.[1]  (Compl at 1.)  Plaintiff attached Defendant's letter dated January 29, 2025, denying Plaintiff's "application for requalification of Non-EFU Farm Special Assessment" for property identified as Account R324841 (subject property).  (*Id.* at 3.) The letter states: "Use of the land does not meet the criteria of ORS 308A.056, therefore requirements under ORS 308A.068 and ORS 308A.071 are not met."  (*Id.*)  Defendant moved to dismiss Plaintiff's appeal of the 1999 to 2023 tax years, arguing Plaintiff was not aggrieved for those years and the appeal was untimely.  (Def's Mot to Dismiss and Ans at 1-2, May 27, 2025.)

Plaintiff filed an Amended Complaint on June 26, 2025, challenging the "2019-2024" tax years.  (Am Compl at 1.)  Plaintiff attached a portion of Defendant's letter disqualifying the

_____

[1] That is the FedEx "ship date"; the Complaint was received by the court on April 28, 2025.

subject property from farm use special assessment in addition to Defendant's letter denying the requalification application. (*Id.* at 5-7.) The disqualification letter dated July 24, 2024, states that 67.67 acres are disqualified from non-EFU special assessment because the "land is no longer in a qualifying use and has been disqualified for failure to meet the income requirements under ORS 308A.071, as specified in ORS 308A.116(1)(c)." (*Id.* at 5.) Other relevant provisions of the letter include:

- "To date you have not provided sufficient information to the Assessor's office to meet the income requirements of ORS 308A.071. If you believe your land did meet the requirements to receive farm use special assessment, ORS 308A.089 allows you to submit an application for requalification on or before December 15 * * *. The new application must meet all use and income requirements of an application the same as anyone applying for farm use special assessment for the first time." (*Id.*)

- "If you do not submit a qualifying application under ORS 308A.089, the potential additional taxes will be deferred under ORS 308A.706(1)(e) **provided the land continues to maintain limited farm use.** For each year limited farm use continues the oldest deferred year will be abated (eliminated) until no potential additional tax years remain as specified under ORS 308A.119." (*Id.* (emphasis in original).)

- "If you wish to appeal this action, it is recommended you contact the Oregon Tax Court, Magistrate Division, within 90 days of the date of this notice in accordance with ORS 305.275 and ORS 305.280 in the manner provided in ORS 305.404 to ORS 305.560." (Def's Mot, App 1 at 4.)

Shortly after receiving the disqualification letter in 2024, "Plaintiff reached out to the County for remedy" and "the County directed the Plaintiff toward the requalification process which they followed, and not tax court." (Am Compl at 2.) Plaintiff maintains that the subject property qualifies for farm use special assessment based on horse stabling, which produced qualifying farm income "for all tax years from 2019 to 2024." (*Id.* at 1.) Plaintiff requests that the subject property "be requalified for farm status from 2019 through 2024 and current, and that the annual property taxes be assessed for years 2019 through 2024 and current at the farm rate, not at the market rate." (*Id.*)

B.    *Motion to Dismiss, Response, and Reply*

Defendant moves to dismiss Plaintiff's appeal of "all claims beyond those arising from the January 29, 2025, letter (including for all tax years before the 2024-2025 tax year)." (Def's Mot at 1.)  Defendant argues that Plaintiff is not aggrieved under ORS 305.275(1) for any years before the 2024-25 tax year because no act, omission, or determination was taken by Defendant prior to the July 24, 2024, disqualification, so there is nothing to appeal for prior years.  (*Id.* at 3.)  Defendant notes that the subject property was in special assessment until the July 24, 2024, disqualification and was disqualified because Plaintiff failed to provide sufficient information to meet income requirements.  (*Id.* at 1-2.)  Defendant also argues that Plaintiff is time-barred from appealing the 2024 disqualification notice.  (*Id.* at 3.)  Under ORS 305.280(1), Plaintiff had 90 days to appeal from actual knowledge of the disqualification.  (*Id.*)

Plaintiff responds that it is aggrieved by additional deferred taxes under ORS 308A.703. (Ptf's Resp at 1.)  Those taxes become due upon any sale of the subject property, creating a financial burden.  (*Id.*)  Transfer of the subject property is likely because the owner is 94 years old, and it would take a minimum of five years "to completely cure the deferred taxes."  (*Id.* at 2.)  Plaintiff argues that Defendant should be estopped from raising the statute of limitation because it directed Plaintiff to reapply rather than appeal and Plaintiff relied on that direction. (*Id.*)  Defendant "suggested" the application would be approved "based on similar income evidence" submitted in past years, but Defendant denied the application.  (*Id.* at 3.)

In Reply, Defendant requests dismissal of the entire action as a sanction for Plaintiff citing "a case that plainly does not exist: 'See Dept. of Rev. v. Sec'y of State, 16 OTR 350, 359 (2003) (estoppel where representations induce reliance).'"  (Def's Reply at 2.)  Plaintiff also cites an incorrect authority—ORS 305.280(4)—which "has nothing to do with estoppel."  (*Id.* at 1.)

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS IN PART
TC-MD 250247N                                                                                                    3

C.      *Analysis*

The issues are (1) whether Plaintiff is aggrieved for any tax years before the 2024-25 tax year; (2) whether Plaintiff is time-barred from appealing the disqualification notice; (3) if so, whether Defendant is estopped from invoking the statute of limitation because it misled Plaintiff to file a new application rather than appeal to this court; and (4) whether this entire action should be dismissed as a sanction for citing to nonexistent law.

1.      *Aggrievement; tax years at issue*

Defendant moves to dismiss Plaintiff's appeal of all tax years before the 2024-25 tax year because Defendant made no act, omission, order, or determination from which Plaintiff may appeal under ORS 305.275(1)(a).[2]  Plaintiff argues that it is nevertheless aggrieved for the 2019-20 through 2023-24 tax years by the potential additional taxes imposed but deferred as a result of the disqualification.  (Ptf's Resp at 1.)  Defendant responds that the additional taxes "are a statutory requirement arising out of disqualification. * * * Applying the statute to calculate them and inform the taxpayer of them is not a separate act of the assessor that is subject to challenge * * *."  (Def's Reply at 3, citing ORS 308A.703.)

The court agrees with Defendant that Plaintiff has not identified any appealable act, omission, order, or determination by Defendant for the 2019-20 through 2023-24 tax years.  The potential additional taxes were imposed due to disqualification, which occurred for the 2024-25 tax year.  That said, dismissing Plaintiff's appeal of the 2019-20 through 2023-24 tax years does not mean that evidence from those years is irrelevant or inadmissible at trial.  For example, non-EFU special assessment requires a certain amount of gross income "in three out of the five full calendar years immediately preceding the assessment date * * *."  ORS 308A.071(2)(a).  To the

---

[2] The court's references to the Oregon Revised Statutes (ORS) are to 2023.

extent Defendant maintains that the subject property failed to meet income requirements, evidence pertaining to earlier years may be relevant to qualification for special assessment.

With that caveat in mind, the court dismisses Plaintiff's appeal of the 2019-20 through 2023-24 tax years because Plaintiff is not aggrieved under ORS 305.275(1)(a) for those years.

2.    *Whether Plaintiff's appeal of disqualification is timely*

Defendant argues that Plaintiff's appeal from the disqualification notice is untimely under ORS 305.280(1), which requires an appeal to be taken "within 90 days after the act, omission, order or determination becomes actually known to the person, but in no event later than one year after the act or omission has occurred, or the order or determination has been made." Plaintiff has not argued that it did not timely receive the disqualification letter dated July 24, 2024. Even allowing for Plaintiff's Amended Complaint to relate back to the original Complaint filed April 25, 2025, Plaintiff's appeal from the 2024 disqualification was filed more than 90 days from when the determination was known to Plaintiff.[3] The appeal is untimely under ORS 305.280(1).

Once again, the court's conclusion that Plaintiff's appeal of the disqualification notice is untimely comes with some caveats, including issues that may require further briefing. Defendant maintains that disqualification and requalification are "two separate acts" controlled by different statutes. (Def's Reply at 4, citing ORS 308A.116 (disqualification), and ORS 308A.086 and 308A.089 (requalification).) The court agrees that the two acts are separately appealable. However, Defendant's reasons for disqualification provided in the notice, including its

/ / /

---

[3] "Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading." Tax Court Rule (TCR) 23 C; *see also* Tax Court Rule-Magistrate Division (TCR-MD) 2 C (referencing TCR 23 A-D).

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS IN PART
TC-MD 250247N                                                                                                      5

determination of the deferral of potential additional taxes, may be relevant to Defendant's denial

of Plaintiff's application for requalification.

Defendant's disqualification notice states that it deferred potential additional taxes under

ORS 308A.119 and ORS 308A.706(1)(e). The abatement under ORS 308A.119 applies only

when non-EFU farmland becomes disqualified for failure to meet gross income or other

requirements under ORS 308A.071.[4] *See* ORS 308A.119(1). If Defendant disqualified the

subject property for a lack of qualifying farm use, ORS 308A.706(1)(a)(A) would apply.[5]

It appears Defendant originally disqualified the subject property for failure to meet

income requirements. (*See, e.g.,* Def's Mot at 2 (stating that Defendant disqualified the subject

property because Plaintiff "had not provided sufficient information to the Assessor's office to

meet the income requirements of ORS 308A.071").[6] However, in its denial of Plaintiff's

application for requalification, it is unclear whether Defendant determined the subject property

was no longer in a qualifying farm use or whether it failed to meet the income requirements.

(*See* Am Comp at 7 (the denial letter states: "[u]se of the land does not meet the criteria of ORS

308A.056.")) Defendant's reason for the disqualification may be relevant in evaluating not only

the requalification denial but also the deferral of the potential additional taxes.

Defendant suggests that Plaintiff's appeal of the additional taxes resulting from

disqualification is time-barred because Plaintiff did not timely appeal the disqualification. (*See,*

---

[4] Other requirements under ORS 308A.071 include, for example, complying with the county's request to provide copies of returns showing gross income. ORS 308A.071(4).

[5] ORS 308A.706(1)(a)(A) states that the additional taxes following disqualification "may not be imposed and shall remain a potential tax liability if, as of the date the disqualification is taken into account on the assessment and tax roll, the land is * * * [d]isqualified * * * nonexclusive zone farmland that [i]s not being used as farmland[.]"

[6] Defendant's notice uses broader language and may encompass disqualification for a lack of qualifying farm use. It states the "*land is no longer in a qualifying use and* has been disqualified for failure to meet the income requirements under ORS 308A.071." (Def's Mot, App 1 at 1 (emphasis added).) That said, Defendant's application of ORS 308A.119 indicates the reason for disqualification was failure to meet income requirements.

*e.g.,* Def's Reply at 3 ("Applying the statute to calculate them and inform the taxpayer of them is not a separate act of the assessor that is subject to challenge – it is required as part of the disqualification decision, which is time-barred * * *"). The court is not persuaded. As discussed above, the opportunity for requalification is linked to the disqualification, and the deferral under ORS 308A.119 applies only when the disqualification results from failure to meet gross income or related requirements in ORS 308A.071. The parties should be prepared to address at trial or in post-trial briefing the impact on additional taxes in the following scenarios:

- Rather than a failure to meet the income requirements, the subject property does not qualify for farm use special assessment because it was "not being used as farmland" under ORS 308A.706(1)(a)(A).

- The subject property requalifies for farm use special assessment.

Because Plaintiff's appeal of the disqualification notice was untimely, the next question is whether Defendant is estopped from asserting a timeliness defense because it misled Plaintiff.

3.      *Whether Defendant is estopped from asserting timeliness defense*

Plaintiff argues that the disqualification notice itself was misleading by presenting a requalification application as an alternative to appeal, without explaining that "failure to appeal within 90 days would forfeit rights." (Ptf's Resp at 5.) Plaintiff argues that the option to reapply was misleading in the context of Plaintiff's past applications that had been approved based on the same set of facts. (*See id.* at 6.) Plaintiff relied on Defendant's option to submit an application to Plaintiff's detriment because Plaintiff missed the 90-day appeal period. (*Id.*) Defendant disagrees that it misled Plaintiff, pointing out that the disqualification notice contained accurate information about Plaintiff's appeal rights. (Def's Mot at 3-4.)

To make a successful estoppel claim, a taxpayer must prove three elements: "(1) misleading conduct on the part of the [county]; (2) taxpayer's good faith, reasonable reliance on

that conduct; and (3) injury to taxpayer." *Webb v. Dept. of Rev.*, 18 OTR 381, 383 (2005). To establish misleading conduct requires "proof positive that the [county] has misinformed the individual taxpayer." *Johnson v. State Tax Comm'n*, 248 Or 460, 463, 435 P2d 302 (1967). "When written materials are given to taxpayers containing accurate information and advice, taxpayers may not continue to rely on an understanding based on oral representations or discussions which are contrary to the written information." *Smith v. Dept. of Rev.*, 13 OTR 206, 210 (1994).

A notice disqualifying property from farm use special assessment must notify taxpayer of "appeal rights." Oregon Administrative Rule (OAR) 150-308-1530(2)(e) (2025); *see also White v. Dept. of Rev.*, 19 OTR 119, 121-22 (2006) (finding county's notice including appeal rights was sufficient; county was not required to also send appropriate appeal forms). Here, Defendant's notice alerted Plaintiff to "Appeal Rights" and made an accurate statement of those rights, mirroring the text of ORS 308A.718(4): taxpayer may appeal to "the Oregon Tax Court * * * in the manner provided in ORS 305.404 to 305.560."[7] Defendant's statement that Plaintiff could apply for requalification by December 15 was also accurate information. *See* ORS 308A.089(2); *see also Basho v. Clackamas County Assessor*, TC-MD 010035E, 2001 WL 36203892 (Or Tax M Div, Feb 27, 2001) (referencing two options for property disqualified from farm use special assessment: appeal to this court or apply for requalification to the county). The court finds that Defendant's disqualification notice gave Plaintiff accurate information and did not mislead Plaintiff about the right to appeal.

/ / /

---

[7] The appeal rights stated in Defendant's disqualification letter appear to be based on sample letters provided in the Department of Revenue's Farm Use Manual, Appendix F: Disqualification, *available at*: https://www.oregon.gov/DOR/forms/FormsPubs/farm-use-manual_303-422.pdf

4.      *Sanction for citing to nonexistent law*

Finally, Defendant asks the court to dismiss Plaintiff's appeal as a sanction for citing nonexistent law.  (Def's Reply at 1-2.)  The court has reviewed the "case" cited by Plaintiff in its Response and agrees with Defendant that it does not exist.  Plaintiff's citation to nonexistent law is likely the result of using generative artificial intelligence (AI) to prepare its response.  *See Ringo v. Colquhoun Design Studio, LLC*, 345 Or App 301 (2025) (describing the negative impact of AI on the court system and the rule of law).[8]  This court has the authority to impose sanctions, including dismissal, when a party fails or refuses to comply with a "decision, order, judgment, or other statement directing the party to perform a specific act * * *."  Tax Court Rule-Magistrate Division (TCR-MD) 21 A.  Here, the court has not previously given any direction to Plaintiff concerning the use of AI.  As a result, the court declines to impose a sanction at this time and instead admonishes Plaintiff to use resources like the State of Oregon Law Library or the Tax Court's Decisions, Opinions, and Orders webpage to verify case law prior to submitting it to the court.  Should Plaintiff again cite nonexistent law, the court will reconsider sanctions.

D.      *Conclusion*

Upon careful consideration, the court grants Defendant's Motion in part.  Plaintiff's appeal of the 2019-20 to 2023-24 tax years is dismissed because Plaintiff is not aggrieved under ORS 305.275(1)(a) for those years.  However, the court will consider evidence from those tax years to the extent relevant to determine if the subject property satisfied income requirements in ORS 308A.071.  Plaintiff's appeal of Defendant's 2024-25 disqualification notice is time-barred.  However, the court may consider the disqualification to the extent it constrains the Defendant's

---

[8] In *Ringo*, an attorney filed a brief citing to nonexistent law.  The court imposed a fine of $2,000 against the attorney and struck the brief containing false authority but permitted the respondent to file a new brief.  The court imposed additional certification requirements upon the attorney for future briefing in that case.

requalification denial and determination of additional taxes. Defendant did not mislead Plaintiff concerning Plaintiff's right to appeal the disqualification, so Defendant is not estopped from invoking the statute of limitation. Finally, the court declines to sanction Plaintiff at this time for citing to nonexistent law, but the court will reconsider sanctions should Plaintiff cite to nonexistent law in any future briefing. Now, therefore,

IT IS ORDERED that Defendant's Motion to Dismiss Plaintiff's Amended Complaint is granted in part. Plaintiff's appeal of the 2019-20 to 2023-24 tax years and Plaintiff's appeal of Defendant's 2024-25 disqualification notice are dismissed.

_____

*This interim order may not be appealed. Any claim of error in regard to this order should be raised in an appeal of the Magistrate's final written decision when all issues have been resolved. ORS 305.501.*

*This Order was signed by Presiding Magistrate Allison R. Boomer and entered on December 16, 2025.*